Douglas BREMICKER, Appellant,

v.

MCI TELECOMMUNICATIONS
CORPORATION, Appellee.

No. 86–1688.

Supreme Court of Iowa.

March 16, 1988.

Rehearing Denied April 8, 1988.

Peter S. Cannon of Connolly, O'Malley, Lillis, Hansen & Olson, Des Moines, for appellant.

James E. Brick and Douglas F. Staskal of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Des Moines, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, LAVORATO, and SNELL, JJ.

LARSON, Justice.

Douglas A. Bremicker was employed by MCI Telecommunications Corp. during April and May 1985. When Bremicker left MCI, he claimed he was owed $2785 in commissions. In December 1985, Bremicker filed a suit against MCI under the Iowa Wage Payment Law, Iowa Code chapter 91A (1985). A jury awarded Bremicker damages, and the court awarded him attorney fees of $3000.

Bremicker appealed, claiming: (1) the court abused its discretion in setting the attorney fee award, (2) the court erred in refusing to allow him to amend his petition to demand punitive damages, and (3) the court erred in failing to award the penalty provided by Iowa Code section 91A.12. We affirm.

## I. *The Attorney Fees Issue.*

Iowa Code section 91A.8 provides that, if an employer intentionally fails to pay an employee, the employer will be liable for the wages, "liquidated damages" (as defined by section 91A.2(6)), court costs, and "any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary."

Judgment was entered in favor of Bremicker for unpaid commissions, liquidated damages, and interest in the total amount of $3808.60. As to Bremicker's application for attorney fees, in which he requested $8600, the court stated:

> The amount of attorney fees to be allowed plaintiff's attorney present the most troublesome issue. The Court in fixing the amount has given consideration to the nature of the case, its complexity and novelty, the time expended by counsel, the results obtained *and the fact that defendant offered to pay all wages demanded by the plaintiff prior to the trial,* and the only seriously contested issue was the amount, if any, of liquidated damages. Based upon all of the foregoing, the Court concludes that a reasonable attorney fee to be assessed against the defendant is $3000.

(Emphasis added.)

Determination of attorney fees is a matter entrusted to the discretion of the trial court. *See Hulse v. Wifvat,* 306 N.W.2d 707, 709 (Iowa 1981) (representation of indigent criminal defendant); *Tilton v. Iowa Power & Light Co.,* 250 Iowa 583, 590, 94 N.W.2d 782, 786 (1959) (appeal of condemnation award). Bremicker, in fact, concedes that this is the general rule.

It has been stated that this court will reverse for abuse of discretion "only when such discretion was exercised on grounds or for reasons clearly untenable or to an exent clearly unreasonable." *Rowen v. Le-Mars Mut. Ins. Co.,* 357 N.W.2d 579, 583 (Iowa 1984). The discretionary decisions of the trial court are presumed to be correct until the contrary is shown by the complaining party. *See State v. Gartin,* 271 N.W.2d 902, 910–11 (Iowa 1978).

With these principles in mind, we turn to the plaintiff's claim that the trial court abused its discretion. Plaintiff contends the trial court's consideration of MCI's offer to pay all the wages demanded by the plaintiff prior to the trial was an abuse of discretion. As a part of Bremicker's abuse of discretion argument, he claims the court violated Iowa Rule of Evidence 408 when it considered the offer of settlement. MCI responds that the settlement agreement was only one of several relevant considerations relied upon by the trial court in the determination of whether the attorney fees were necessary and asserts it was not an abuse of discretion to consider it.

Iowa Rule of Evidence 408 provides that evidence of compromise or offers to compromise a claim "is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible." The rule goes on to state that it "does not require exclusion when the evidence is offered for another purpose." Iowa R.Evid. 408.

This principle, which we followed even before the adoption of rule 408, is "designed to exclude evidence only when it is tendered as an admission of weakness of the other party's claim or defense, not when it is tendered to prove a fact other than liability." *Miller v. Component Homes, Inc.,* 356 N.W.2d 213, 215 (Iowa 1984) (quoting *Pogge v. Fullerton Lumber Co.,* 277 N.W.2d 916, 921 (Iowa 1979)).

In light of this well-established principle, the court's consideration of the offer to pay all wages demanded would not violate Iowa Rule of Evidence 408. The offer was not considered in determining the substantive liability of MCI but rather in determining the necessary attorney fees. This is "another purpose" under rule 408 which would permit admission of the settlement offer.

Iowa Code section 91A.7 requires an employer "without condition and pursuant to section 91A.3, [to] pay all wages conceded to be due and reimburse all expenses conceded to be due...." Here, MCI offered to pay the wages owed to Bremicker

without prejudice to his right to pursue the rest of his claim. He did not accept the offer and proceeded to trial. The attorney's fee attributed to recovery of the wages portion of his claim therefore was not "necessary"; Bremicker could have received payment for the wages without losing the balance of his claim.

We have considered all of Bremicker's arguments in support of his attorney fee argument and conclude the district court did not abuse its discretion in setting the amount of fees, nor was it error for the court to set the amount without stating the precise bases for its award. *See Coonrad v. Van Metre*, 362 N.W.2d 197, 201 (Iowa 1985) (court, in awarding attorney fees for defense of indigent, not required to show specific bases for award).

## II. *Motion to Amend.*

Three weeks prior to trial, and over five months after this petition was filed, Bremicker attempted to amend his petition to demand punitive damages. The court refused, and Bremicker assigns this as error.

 Leave to amend shall ordinarily be freely given, according to Iowa Rule of Civil Procedure 88. Although amendments are the rule and denials are the exception, the trial court has considerable discretion in allowing amendments. *Ackerman v. Lauver*, 242 N.W.2d 342, 345 (Iowa 1976). Amendments may be allowed at any time, but they should not be allowed after a responsive pleading has been filed, if the pleading substantially changes the issues. *Id.; see also Smith v. Village Enters., Inc.*, 208 N.W.2d 35, 37 (Iowa 1973).

There is no provision in Iowa Code chapter 91A for punitive damages. The statute's provision for liquidated damages, found in section 91A.8, is grounded on an intentional failure to pay and therefore smacks of punishment. It could be argued, therefore, that an additional claim for punitive damages is not permitted under chapter 91A. We need not address that issue, however, because the insertion of the punitive damages issues substantially changed the issues at trial, and the court's denial of the proposed amendment was well within its discretion. We therefore affirm on this issue.

## III. *Section 91A.12 Penalty.*

Section 91A.12 provides for a civil penalty, not to exceed $100, for violations of chapter 91A. A reading of this section suggests that the labor commissioner pursues and assesses this penalty through administrative procedures as an alternative to the lawsuit contemplated by Iowa Code section 91A.8. Any court involvement therefore would have to be through judicial review, not an independent action. The district court in this case lacked original jurisdiction to assess this penalty, and it was, therefore, correct in dismissing the claim.

We find no error in the district court proceedings and therefore affirm.

AFFIRMED.