MISSISSIPPI VALLEY BROADCASTING, INC., A Delaware Corporation Authorized to do business in the State of Iowa, d/b/a WLLR/WMRZ Radio Stations, Appellee,

v.

Kathy MITCHELL, Appellant.

No. 92–1086.

Court of Appeals of Iowa.

May 25, 1993.

John F. Doak of Katz, McAndrews, Balch, Lefstein & Fieweger, P.C., Rock Island, for appellant.

Gary D. McKenrick of Gomez, May, McKenrick & Kelly, Davenport, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

Kathy Mitchell was employed by Mississippi Valley Broadcasting (MVB) from April 1, 1989, to August 17, 1990. On or about August 5, 1990, Mitchell gave MVB two-week notice of her termination of employment. Subsequently, a dispute arose between Mitchell and MVB concerning the nature of the terms of Mitchell's employment contract. In November 1990, MVB filed a petition alleging Mitchell was in violation of a covenant not to compete. Mitchell filed a counterclaim pursuant to chapter 91A of the Iowa Code for unpaid wages, liquidated damages, and attorney fees.

In November 1991, MVB dismissed its petition regarding the covenant not to compete. The district court appointed a referee to conduct a hearing and determine the remaining issues presented in the petition and counterclaim. Prior to the referee hearing, MVB offered Mitchell $1250 in settlement of her wage claim. Following a one-day hearing, the referee's report was filed in February 1992. The referee recommended MVB pay Mitchell $862.49 for unpaid wages and a penalty of $522.67. The referee deferred any decisions in regards to attorney fees to the district court. MVB then filed several objections to the report. However, on review, the district court adopted the referee's findings in their entirety.

The only remaining issue was attorney fees. Mitchell's attorney claimed $7872.50 as fees apportioned to the collection of unpaid wages pursuant to Iowa Code section 91A.8 (1991). Following a hearing, the district court found there had been no evidence as to what portion of the attorney fees claimed were "usual and ordinary"

under section 91A.8. As a result, the court awarded Mitchell $692.58 in attorney fees.

Mitchell filed a rule 179(b) motion. Mitchell argued MVB had not challenged the attorney fees claimed and the hourly charge had been reasonable. Mitchell further contended there was no support in the record and no basis in law or fact for the court's reduction of the attorney fees. The district court denied the motion.

Mitchell now appeals. She contends the district court abused its discretion in only awarding $692.58 for her attorney fees.

■■■ Determination of attorney fees is a matter entrusted to the discretion of the district court. *Bremicker v. MCI Telecommunications Corp.*, 420 N.W.2d 427, 428 (Iowa 1988). This court will reverse for an abuse of discretion " 'only when such discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable.' " *Id.* (quoting *Rowen v. LeMars Mut. Ins. Co.*, 357 N.W.2d 579, 583 (Iowa 1984)).

■■ Mitchell's claim for attorney fees must be determined in accordance with Iowa Code section 91A.8 (1991). Section 91A.8 states:

> When it has been shown that an employer has intentionally failed to pay an employee wages or reimburse expenses pursuant to section 91A.3, whether the result of a wage dispute or otherwise, the employer shall be liable to the employee for any wages or expenses that are so intentionally failed to be paid or reimbursed, plus liquidated damages, court costs and *any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary.* In other instances the employer shall be liable only for unpaid wages or expenses, court costs and *usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses.*

(Emphasis added.) In the context of section 91A.8, a judge is presumed to be an expert on what are reasonable attorney fees. *Maday v. Elview–Stewart Sys. Co.,* 324 N.W.2d 467, 470 (Iowa 1982) (citation omitted).

■ With these principles in mind, we turn to Mitchell's claim that the district court abused its discretion. Mitchell first contends the court abused its discretion by finding Mitchell failed to prove the attorney fees claimed were "usual and necessary." In its ruling, the district court found Mitchell had failed to produce any evidence on attorney fees other than the filing of a statement by counsel of the hours entered, a description of the work done, and affidavits regarding the regular hourly charges of the attorneys. The court observed:

> No testimony was received as to whether or not the services and charges therefor were usual services and charges in the industry in this area for such services, and absolutely no testimony was presented as to the necessity of such services.

In the absence of any evidence to the contrary, the district court awarded Mitchell $692.58 in attorney fees.

At the referee hearing, Mitchell had claimed over $11,300 in attorney fees. At the hearing before the district court, Mitchell reduced the attorney fees claim to include only that portion of work which was involved with the unpaid wage claim and not the claim regarding the covenant not to compete. The sole record of the updated claim for attorney fees was the professional statement of Mitchell's counsel at trial. However, in this professional statement, Mitchell never indicated how the claimed $7872.50 in attorney fees were "usual and necessary." Mitchell offered no testimony other than that of her counsel to establish what had made this particular unpaid wage claim so litigious and costly. We find the district court did not abuse its discretion in determining Mitchell had failed in her proof of attorney fees.

■ Mitchell also contends the court abused its discretion by applying a "proportionality" test between the attorneys fee claim and the amount of unpaid wages Mitchell recovered. Mitchell relies in part upon *City of Riverside v. Rivera*, 477 U.S. 561, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

The Supreme Court in *Riverside* held attorney fee awards under federal civil rights actions should not be proportionate to the amount of civil damages a civil rights plaintiff recovers. *Id.* at 574, 106 S.Ct. at 2694, 91 L.Ed.2d at 479. We do not find Mitchell's claim for unpaid wages to be comparable to the complex nature of federal civil rights litigation. The fact over $7000 in attorney fees was incurred in recovering $862.49 in unpaid wages should be considered probative in determining what attorney fees were "usual and necessary." There was no abuse of discretion in this regard.

■ Finally, Mitchell contends the district court abused its discretion in its actual computation of the fees awarded. She contends the award of fees based upon a percentage of recovery, the failure to award fees upon an hourly rate, and the failure to specifically delineate those portions of the fee claim which were excessive all constituted an abuse of discretion.

■ In setting an award of attorney fees under section 91A.8, the district court is not required to state the precise bases of its award. *Bremicker v. MCI Telecommunications Corp.*, 420 N.W.2d 427, 429 (Iowa 1988). Furthermore, an attorney is not guaranteed payment at a fixed hourly rate for every hour expended. *See Green v. Iowa Dist. Court*, 415 N.W.2d 606, 608 (Iowa 1987) (citation omitted) (regarding attorney fees under section 815.7). By reducing the award of attorney fees, the district court was not necessarily computing the fee on a percentage basis or reducing the hourly rate. Rather, the district court was assessing whether all of the eighty-plus hours spent on the unpaid wage claim were "usual and necessary" pursuant to section 91A.8. The district court is not required to provide an exact accounting of how its fee award is computed. We find no abuse of discretion in this regard.

■ Finally, we note Mitchell was given an opportunity to request a posttrial hearing upon which additional evidence and testimony could have been presented regarding attorney fees. No such request was ever made. In fact, in Mitchell's rule 179(b) motion, Mitchell contended no such evidence was necessary because MVB never cross-examined Mitchell's counsel or presented any contrary testimony regarding attorney fees at the district court hearing. Given the significant amount of attorney fees claimed, it clearly was incumbent upon Mitchell to offer some viable explanation as to how $7872.50 in attorney fees was "usual and necessary." It was not enough to simply rely upon the fact MVB did not adequately challenge the attorney fee request at the hearing before the district court.

The costs of this appeal are taxed to Mitchell.

For the reasons stated, we affirm the judgment of the district court.

**AFFIRMED.**