**GREATAMERICA LEASING CORPORATION,**
Appellant,

v.

**COOL COMFORT AIR CONDITIONING AND REFRIGERATION, INC.** a/k/a Cool Comfort Air Conditioning, Inc., Appellee.

No. 03–1581.

Supreme Court of Iowa.

Jan. 28, 2005.

Randall D. Armentrout of Nyemaster, Goode, Voigts, West, Hansell & O'Brien, Des Moines, for appellant.

Mark McCormick of Belin Lamson McCormick Zumbach Flynn, P.C., Des Moines, for amicus curiae Iowa Association of Legal Assistants.

STREIT, Justice.

Troubled that the State of Iowa pays attorneys only $50 per hour to defend the indigent in criminal cases, the district court limited a paralegal's fee award in a civil case. The plaintiff seeking the fees now appeals. To the extent the district court adopted a policy capping litigation expenses for paralegals in civil cases, it abused its discretion. We reverse and remand for further proceedings.

## I. Facts and Prior Proceedings

GreatAmerica Leasing Corporation sued Cool Comfort Air Conditioning and Refrigeration, Inc., after Cool Comfort breached a lease for a telephone system. GreatAmerica was partially successful in the suit and obtained a judgment against Cool Comfort for a little less than $17,000.

Pursuant to a fee-shifting clause in the parties' written contract, GreatAmerica asked the district court to require Cool

Comfort to reimburse it approximately $35,000 for attorney fees it had expended in the suit. This request included about $5000 in litigation expenses for paralegal work. In support of its motion, GreatAmerica attached a copy of a bill it had received from its law firm. The bill indicated the firm had charged GreatAmerica $80 per hour for paralegal work. Cool Comfort resisted GreatAmerica's motion for attorney fees. Cool Comfort argued GreatAmerica should not recover expenses that were unsuccessful.

The district court granted GreatAmerica almost $19,000 in attorney fees. The district court awarded GreatAmerica less than it had requested for two reasons. First, the court noted GreatAmerica was only partially successful in the suit. For this reason, the court nearly halved the award. *Compare Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40, 54–55 (1983) (holding reduction warranted for fees expended in prosecution of unsuccessful claims "distinct in all respects" from successful ones) (quoted in *Vaughan v. Must, Inc.*, 542 N.W.2d 533, 541 (Iowa 1996)), *with Lynch v. City of Des Moines*, 464 N.W.2d 236, 239 (Iowa 1990) (permitting recovery because there was a "common body of facts related to [the] successful claims"). Second, the court subtracted an additional $1880 from the amount GreatAmerica had claimed in litigation expenses for paralegal work. The court stated it was

troubled that regular, licensed attorneys defending felony defendants in criminal cases in Iowa are paid only $50 an hour for what can be more complex litigation [that requires] a license to practice law with substantial trial ability and experience. In this court's view, a paralegal fee assessed against another party

should not exceed what the State of Iowa pays for indigent defense.... Because no evidence rebuts the necessity of the hours devoted to the case, this court will not reduce the number of hours compensated. However, the award will be at the rate of $50 per hour.

Great America appealed the district court's award of attorney fees. It challenges only ·the reduction in litigation expenses due to the capping of the paralegal's hourly rate. Cool Comfort did not cross-appeal and has not filed a brief in this matter.

## II. Principles of Review

■ We review the district court's award of attorney fees for an abuse of discretion. *City of Des Moines v. Housby–Mack, Inc.*, 687 N.W.2d 551, 554 (Iowa 2004); *McNally & Nimergood v. Neumann–Kiewit Constructors, Inc.*, 648 N.W.2d 564, 570 (Iowa 2002). "Reversal is warranted only when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable." *Gabelmann v. NFO, Inc.*, 606 N.W.2d 339, 342 (Iowa 2000).

## III. The Merits

■ The sole issue is whether the district court abused its discretion in reducing the amount of attorney fees for GreatAmerica's litigation expenses. We begin with the Iowa Code, which provides:

When judgment is recovered upon a written contract containing an agreement to pay an attorney's fee, the court shall allow and tax as a part of the costs a reasonable attorney's fee to be determined by the court.

Iowa Code section 625.22 (2003). A reasonable attorney fee is not limited to the hourly fee charged by lawyers. The con-

cept includes certain litigation expenses, including the cost of paralegals. *See, e.g., Schaffer v. Frank Moyer Constr., Inc.,* 628 N.W.2d 11, 23 (Iowa 2001) (allowing litigation expenses, including the cost of hiring a paralegal, as part of a reasonable attorney fee); *Landals v. George A. Rolfes Co.,* 454 N.W.2d 891, 898 (Iowa 1990) (same); *Edson v. Chambers,* 519 N.W.2d 832, 834 (Iowa Ct.App.1994) (same); *cf. Missouri v. Jenkins,* 491 U.S. 274, 284–89, 109 S.Ct. 2463, 2469–72, 105 L.Ed.2d 229, 241–44 (1989) (construing 42 U.S.C. § 1988 to permit reimbursement for paralegal expenses). The district court is considered an expert in what constitutes a reasonable attorney fee, and we afford it wide discretion in making its decision. *See Lynch,* 464 N.W.2d at 240; *Nelson v. Iowa State Highway Comm'n,* 253 Iowa 1248, 1256, 115 N.W.2d 695, 699 (1962).

■ "An applicant for attorney fees has the burden to prove that the services were reasonably necessary and that the charges were reasonable in amount." *Schaffer,* 628 N.W.2d at 23. The district court should consider a number of factors, including:

> the time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service.

*Id.* at 23–24 (citing *Landals,* 454 N.W.2d at 897). In the case at bar, the district court recited these *Schaffer* factors. The court also correctly recognized it was required to "look at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case." *Landals,* 454 N.W.2d at 897.

■ In its analysis, however, the district court did not consider the *Schaffer* factors nor look at the whole picture. Instead the court focused upon the fact that the State only pays some criminal defense attorneys $50 per hour. *See* Iowa Code § 815.7 (attorneys appointed to represent persons not charged with class "A" or "B" felonies entitled to $50 per hour reimbursement from the State). Although there is a blush of fairness in the district court's logic that paralegals should not earn more than attorneys, this analysis ignores the fact that the markets for criminal defense attorneys and paralegals in civil litigation are different.[1] To the extent the district court adopted a *per se* rule capping all pay for paralegals at $50 per hour, the court abused its discretion. Iowa Code section 625.22 contains no such requirement, and to the extent the district court invented one its ruling was based on untenable grounds. Such a fixed policy is the antithesis of discretionary decision-making. *Cf. State v. Hager,* 630 N.W.2d 828, 836 (Iowa 2001). "A court abuses its discretion when it fails to exercise any discretion." *Id.*

The appropriate remedy is to reverse and remand for "a fresh consideration" of a reasonable attorney fee. *Gabelmann,* 606 N.W.2d at 344; *see also Edson* 519 N.W.2d at 836 (remanding). On remand, the court shall look at the whole picture and determine a reasonable amount for GreatAmerica's litigation expenses. The *Schaffer* factors, although explicitly designed for attorneys, apply by analogy. *See Cont'l Townhouses E. Unit One Ass'n v. Brockbank,* 152 Ariz. 537, 733 P.2d 1120, 1128 (Ct.App.1986) ("The trial judge ... may ... consider the value of services rendered in a case by ... paralegals, applying the same standards as are used in

---

1. Indeed, the State of Iowa *sets* the market in the former but not the latter.

evaluating lawyers' time."); *see also In re Reconversion Techs.*, 216 B.R. 46, 55–57 (Bankr.N.D.Okla.1997) (applying same standards). The fundamental question, however, is simply whether the claimed litigation expenses are reasonable and thus part of a reasonable attorney fee.[2] *See* James J. Watson, Annotation, *Attorneys' Fees: Cost of Services Provided By Paralegals or the Like as Compensable Element of Award in State Court*, 73 A.L.R.4th 938, 946–47 (1989) (setting forth "a number of common criteria" courts have used to determine whether a claim for paralegal services is justified and, if so, to what extent).

GreatAmerica bears the burden to prove its request was reasonable. *Nelson,* 253 Iowa at 1256, 115 N.W.2d at 700; *cf. Sherman v. Kasotakis,* 314 F.Supp.2d 843, 881 (N.D.Iowa 2004). As framed in this case, the crux of the dispute revolves around the paralegal's hourly rate. On remand, the district court will have to determine whether $80 per hour is consistent with market rates and practices for similar work in the community. *Cf. Jenkins,* 491 U.S. at 286, 109 S.Ct. at 2470, 105 L.Ed.2d at 241–42; *Sherman,* 314 F.Supp.2d at 881; *West v. Aetna Life Ins. Co.,* 188 F.Supp.2d 1096, 1101–02 (N.D.Iowa 2002). The market rate for the paralegal's services is not necessarily the rate of pay plaintiff's counsel billed its client. Billing sheets provided by the firm, although little evidence of the prevailing rate of pay for similarly situated paralegals, may be considered by the court. *Cf. Sherman,* 314 F.Supp.2d at 882 (considering bills). In this case GreatAmerica did not offer the district court any additional evidence. While such evidence is not nec-

essary to prevail, *see Nelson,* 253 Iowa at 1256, 115 N.W.2d at 699, it would have helped the court reach a decision. *Cf. Sherman,* 314 F.Supp.2d at 882 (similarly lamenting dearth of evidence). In its absence, the district court, as an expert in calculating the local going rate, may settle matters itself. *See Nelson,* 253 Iowa at 1256, 115 N.W.2d at 699. It should do so on remand.

Nothing in this opinion should be construed as an endorsement or rejection of any particular rate for reimbursement of paralegal expenses.

## IV. Conclusion

The district court abused its discretion insofar as it adopted a policy capping the rate of pay for all paralegals. We remand for a fresh consideration of the award. We also remand for a hearing on appellate attorney fees.

**REVERSED AND REMANDED.**

---

**2.** In principle the matter is no different than if GreatAmerica were seeking reimbursement for travel expenses. A lawyer can fly first class to a deposition and the client may pay for it, but the district court remains the final arbiter of what expenses are reasonable.