# IN THE COURT OF APPEALS OF IOWA

No. 16-0940
Filed May 3, 2017

GREATAMERICA FINANCIAL SERVICES CORPORATION f/k/a GREATAMERICA LEASING CORPORATION,
    Plaintiff-Appellee/Cross-Appellant,

vs.

PRESTWOOD FUNERAL HOME, INC. and ROY VANCE PRESTWOOD JR.,
    Defendants-Appellants/Cross-Appellees.
_____

Appeal from the Iowa District Court for Linn County, Sean W. McPartland, Judge.

Both parties appeal the district court's decision following a bench trial involving the terms of a copy machine lease agreement. **AFFIRMED AND REMANDED.**

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellants.

Abbe M. Stensland of Simmons Perrine Moyer Bergman P.L.C., Cedar Rapids, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Prestwood Funeral Home, Inc. and Roy Vance Prestwood Jr. (Prestwood) appeal, and GreatAmerica Financial Services Corporation (GreatAmerica) cross-appeals, following the district court's decision interpreting the terms of the parties' lease agreement for a copy machine. Prestwood contends substantial evidence does not support the district court's decision that awarded damages to GreatAmerica and the district court abuse its discretion in the amount awarded for GreatAmerica's attorney fee claim. In its cross-appeal, GreatAmerica claims the attorney fee award should be increased. We affirm the district court's decision in its entirety, denying both the appeal and cross-appeal, and we remand for a determination of appellate attorney fees.

**I.  Background Facts and Proceedings.**

Prestwood signed a contract to finance the lease of a copy machine with Modular Document Solutions. That lease agreement was assigned by Modular to GreatAmerica. The lease agreement provided for a monthly payment by Prestwood, in addition to charges for each copy made. The copy machine was delivered to Prestwood by Modular on February 6, 2009. An employee of GreatAmerica called Prestwood on February 9 to inquire whether the copy machine was installed and working. Prestwood informed GreatAmerica that the copy machine was present but not yet working and that Modular would be out again the next day to fix it. The same GreatAmerica employee called Prestwood the next day, February 10, and testified Roy Prestwood informed her the equipment was working, but Prestwood wanted credit for the number of copies the service technician made in fixing the machine. A notation of the credit was

made on the account. Prestwood continued making payments on the lease agreement but also continued to complain about problems with the functioning of the machine. After making fifteen monthly payments, Prestwood stopped paying on the lease; GreatAmerica repossessed the copy machine and filed suit.[1]

The case proceeded to a one-day bench trial in February 2016. The court ruled in GreatAmerica's favor, awarding $12,766.28 in damages. In response to posttrial motions, the court also awarded GreatAmerica $25,000 in attorney fees and expenses, and ordered interest to accrue at the contract rate of eighteen percent.

## II. Scope and Standard of Review.

We review for the correction of errors at law the district court's judgment following a bench trial. *Chrysler Fin. Co. v. Bergstrom*, 703 N.W.2d 415, 418 (Iowa 2005).

> The district court's findings of fact have the force of a special verdict and are binding on us if supported by substantial evidence. Evidence is substantial if a reasonable person would accept it as adequate to reach a conclusion. "Evidence is not insubstantial merely because we may draw different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding." In determining whether substantial evidence exists, we view the evidence in the light most favorable to the district court's judgment.

*Id.* (internal citations omitted).

We review the district court's award of attorney fees for abuse of discretion. *NevadaCare, Inc. v. Dep't of Human Servs.*, 783 N.W.2d 459, 469

---

[1] GreatAmerica initially obtained a default judgment against Prestwood, but after attempting to execute that judgment in Prestwood's home state of Florida, GreatAmerica agreed to have the default judgment set aside, and the case was then litigated in Iowa.

(Iowa 2010). "We will reverse a court's discretionary ruling only when the court rests its ruling on grounds that are clearly unreasonable or untenable." *Id.*

## III. Substantial Evidence.

In awarding GreatAmerica its claim in the amount of $12,766.28 for the unpaid portion of the copy machine lease agreement, the district court stated:

> Based upon the credible evidence at the time of trial, including the credible testimony of [GreatAmerica's employee], the Court finds by a preponderance of the evidence that [Prestwood] did not accept the equipment as delivered February 6, 2009; that Modular did additional work in connection with the equipment thereafter; and that [Prestwood] did accept the equipment February 10, 2009, as reflected in Exhibit 3 and the telephone conversation between Mr. Prestwood and [GreatAmerica's employee]. The Court finds that the evidence corroborating acceptance of the equipment includes [Prestwood's] clear ability and willingness to complain and to decline to pay for copies for which [it was] charged but which [it] did not use; [Prestwood's] payment for usage on other occasions; and, to a lesser extent, [Prestwood's] history of payments on the lease after [its] acceptance of the equipment February 10, 2009. The Court also finds that the undisputed evidence indicates that Mr. Prestwood signed the personal guaranty obligating him under the terms of the lease agreement.

The district court acknowledged that Prestwood asserted it never accepted the copy machine due to its malfunctioning, and therefore it should not be responsible under the terms of the lease. But the court ultimately found the testimony of GreatAmerica's employee on the issue of Prestwood's acceptance of the equipment to be more credible. "The district court has a better opportunity than the appellate court to evaluate the credibility of witnesses. This court is prohibited from weighing the credibility of witnesses." *Etchen v. Holiday Rambler Corp.*, 574 N.W.2d 355, 360 (Iowa Ct. App. 1997).

Prestwood also claims the district court made an improper legal conclusion by determining it was possible for Prestwood to accept the copy

machine on February 10 when it had rejected the copy machine the day before.[2] The court rejected a factual finding that a rejection occurred under the contract on February 9, instead concluding that Prestwood's willingness to make payment for copies "support[s] the notion that the equipment had been accepted February 10, 2009." In addition, Prestwood testified through its owner that when he communicated to GreatAmerica that the equipment was not working on February 9, it was not his intent at that time to cancel the lease contract. Because the evidence does not support the conclusion that the copy machine was rejected on February 9, we reject Prestwood's argument that the district court made an improper legal conclusion that the copy machine could be accepted after it was rejected.

The district court's decision that the copy machine was accepted on February 10, which triggered Prestwood's monthly payment obligations under the lease agreement, is supported by substantial evidence and is affirmed.

## IV.  Attorney Fees.

Next, both parties appeal the amount of the district court's award of GreatAmerica's attorney fees. Prestwood claims the amount of $25,000 is too high in light of the $12,766.28 recovery and a reasonable amount of work expended for a one-day bench trial. GreatAmerica, on the other hand, claims the award was substantially low in light of its claim for $72,258.10 in attorney fees

---

[2] GreatAmerica asserts this claim was not preserved for our review because it was not raised in Prestwood's posttrial motion under Iowa Rule of Civil Procedure 1.904(2). We consider the issue preserved as the disputed issue before the district court was whether the goods were accepted or rejected by Prestwood, and the district court concluded the goods were accepted. "A proper rule 1.904(2) motion does not merely seek reconsideration of an adverse district court judgment. Nor does it merely seek to rehash legal issues adversely decided." *Homan v. Branstad*, 887 N.W.2d 153, 161 (Iowa 2016).

and expenses. It claims the district court erred by determining this amount was excessive but failing to say what is reasonable or to articulate how it arrived at the $25,000 figure. GreatAmerica claims the high fees and expenses were due to the obstructionist conduct of Prestwood and, because it recovered all the relief it sought ($12,766.28), it should be awarded more in attorney fees. In addition, GreatAmerica seeks the recovery of appellate attorney fees.

In the posttrial order, the district court extensively discussed both the facts of the case and the law applicable to the exercise of its discretion to award attorney fees. The court first removed from the claim the fees expended by GreatAmerica before the default judgment, which was initially entered but later set aside, concluding:

> The Court finds and concludes that GreatAmerica has not met its burden to prove that such services were reasonably necessary and that such charges were reasonable in amount here, where the default was set aside.
>     . . . In short, it cannot be said that GreatAmerica was successful in the results obtained in connection with the proceedings leading up to and prior to the vacation of the default.

With respect to the time after the default judgment was set aside, the court concluded:

> Taking into account those factors properly to be considered by the Court, as set forth in [*GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning and Refrigeration, Inc.*, 691 N.W.2d 730, 732–33 (Iowa 2005)], the Court finds and concludes that the time necessarily spent, the nature and extent of the services, the amount involved, and the importance of the issues counsels against an award of attorney's fees in the amount sought by GreatAmerica. The issues here were not novel, unusual or complicated and did not require extraordinary time necessarily spent. Although the results obtained were favorable to GreatAmerica, the amount involved was small. In short, examination of the "whole picture" and, using independent judgment with the benefit of hindsight, the Court finds and

concludes that an appropriate amount for attorney's fees and litigation expenses (including paralegal expenses) in this matter for handling the complete case is $25,000.

On our review of the district court's decision, we are mindful that "[t]he district court is considered an expert in what constitutes a reasonable attorney fee, and we afford it wide discretion in making its decision." *GreatAmerica Leasing*, 691 N.W.2d at 733. The district court accurately articulated the appropriate factors to consider, applied those factors to the case, and exercised its judgment in arriving at what it considered a reasonable attorney fee figure. We discern no abuse of discretion in the district court's decision, and we affirm the award of trial attorney fees.

With respect to GreatAmerica's request for appellate attorney fees, we note the same justification for the award of trial attorney fees—the parties' contract—would also justify an award of appellate attorney fees. *See Bankers Trust Co. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982) (noting appellate attorney fees are permitted where the written agreement in no way limited the fee award to those incurred in the trial court). While GreatAmerica successfully defended the district court's ruling on the issue of Prestwood's liability under the copy machine lease agreement, it was unsuccessful in its cross-appeal regarding the district court's award of trial attorney fees. Therefore, being partially successful on appeal, we determine GreatAmerica should be awarded appellate attorney fees, and we remand this matter to the district court for the limited purpose of determining a reasonable award for GreatAmerica's appellate attorney fees. *See id.*

**AFFIRMED AND REMANDED.**