# IN THE COURT OF APPEALS OF IOWA

No. 19-0895
Filed June 17, 2020

**GROWTH UNLIMITED CORP.,**
    Plaintiff-Appellant,

**vs.**

**K & B TOBACCO and JAN ALBERT d/b/a K & B TOBACCO,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Montgomery County, James S. Heckerman, Judge.

A company distributing gaming machines appeals the judgment in its contract dispute with a tobacco retailer and seeks additional attorney fees. **AFFIRMED.**

Brian E. Tackett, Glenwood, for appellant.

G. Rawson Stevens, Shenandoah, for appellees.

Considered by Tabor, P.J., and May and Greer, JJ.

**TABOR, Presiding Judge.**

This case involves a contract dispute. Growth Unlimited, an Iowa corporation marketing "skill-based amusement" games, challenges the result of its lawsuit against a Nebraska retailer that installed one of its machines. Growth Unlimited first contests the district court's treatment of future damages. Because Growth Unlimited did not preserve that issue, we decline to reach it. Growth Unlimited next challenges the attorney fee award. Finding no abuse of discretion, we affirm the district court's award.

## I.     Facts and Prior Proceedings

Growth Unlimited is an Iowa corporation in the business of leasing, selling, and distributing gaming machines. Its principal place of business is Red Oak. K & B Tobacco is a retail store in Beatrice, Nebraska, owned by Jan Albert. In September 2017, Growth Unlimited entered into a contract with K & B to place a "Nebraska Skill Game" machine in its store for a trial period from September 23 until December 23, 2017. The location agreement renewed "automatically for consecutive 12-month periods" unless either party gave notice of their intent not to renew in writing at least thirty days before the end of the trial period.

The contract provided:

Owner of K & B Tobacco (Location Name), agrees to the placement of the following Amusement Machine(s) in his/her place of business, located at 116 N 8th St, Beatrice, NE, 68310 from 09-23-17 to 12-23-17 and shall renew thereafter automatically for consecutive 12-month periods unless either party serves upon the other, via certified mail in writing, at least 30 days prior to the termination date of this Agreement or any renewal term thereof, notice of their intent not to renew.

The contract outlined a fifty/fifty split of the machine's net revenue between the location owner and the equipment owner. The contract also identified Iowa as the jurisdiction to bring any legal action and required K & B to pay Growth Unlimited's attorney fees in the event of a suit.

On December 21, two days before the expiration of the trial period, Albert asked Growth Unlimited for an advance of $819. The gaming machine had paid out more money than it took in, and Albert was in a cash crunch. Growth Unlimited made that payment. A few days later, during a routine service appointment, a Growth Unlimited collection driver misread the ticket showing K & B received $819.50 and paid another $819.50 to the retailer. After that, K & B owed Growth Unlimited a total of $1638.50.

In January 2018, Growth Unlimited tried several times to contact Albert about the amount due without success. Then, on January 29, 2018, Albert contacted Growth Unlimited, asking the company to remove the gaming machine from the K & B store.

Growth Unlimited sued K & B, alleging its breach of contract caused thirty-four weeks of revenue loss. Growth Unlimited claimed to have earned an average of $138.41 per week from the start of the location agreement until K & B's breach. From those figures, Growth Unlimited alleged a loss of $4705.94 ($138.41 x 34). On top of the lost revenue, Growth Unlimited requested reimbursement of the $1638.50 advanced to K & B. The Iowa corporation also demanded K & B pay its legal fees and costs in the amount of $4327.35.

The court set the contract dispute for trial in April 2019. Midway through trial, at the district court's urging, the parties settled the case. At the close the

proceeding, the parties agreed on the record to entry of judgment for Growth Unlimited in the amount of $1639. The court left the issue of attorney fees open for briefing. Growth Unlimited filed a brief seeking $4327.35 in attorney fees. In reply, K & B argued no attorney fees should be awarded.

In a May 8 order, the district court explained that it had advised the parties during trial that because their disagreement remained unresolved at the expiration of the initial contract period, the court did not believe the automatic extension went into effect. Based on that reasoning, the court expected to reject Growth Unlimited's claim for $4705.94 in lost revenue. In response, the parties agreed the court could enter judgment for Growth Unlimited in the amount of $1639, which it did. As for legal fees, the district court ordered K & B to pay $400. Growth Unlimited now appeals.

## II. Scope and Standards of Review

We review breach-of-contract claims for the correction of legal error. *See NevadaCare, Inc. v. Dept. of Human Services*, 783 N.W.2d 459, 465 (Iowa 2010). As for the attorney fee award, we review for an abuse of discretion. *Gabelmann v. NFO, Inc.*, 606 N.W.2d 339, 342 (Iowa 2000). "Reversal is warranted only when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable." *Id.*

## III. Analysis

### A. Contract Interpretation and Error Preservation

Growth Unlimited claims the district court erred in precluding future losses as damages under the contract. K & B counters that "[b]y agreeing to settle the damage portion of this case for $1639.00" Growth Unlimited did not preserve the

issue of future damages. K & B asserts: "No offer of proof was made to the record and no motions were filed following the trial to expand the finding of facts or conclusions of law."

In its appellant's brief, Growth Unlimited claims to have preserved error on the future-damage claim "through its resistance to the court's finding contained in the order entered on May 8, 2019." But Growth Unlimited does not cite to any place in the record it presented that resistance. Our rules require appellants' briefs to contain "[a] statement addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided." Iowa R. App. P. 6.903(2)(g)(1). Because this omission hinders our review, we must enforce our appellate rules by finding Growth Unlimited waived this claim. *See Inghram v. Dairyland Mut. Ins. Co.*, 215 N.W.2d 239, 240 (Iowa 1974). We give the issue of future damages no further consideration. *See Runyon v. Kubota Tractor Corp.,* 653 N.W.2d 582, 584 (Iowa 2002).

## B. Attorney Fees

Next, Growth Unlimited claims the district court abused its discretion in awarding only $400 in attorney fees. In its post-trial filing, the corporation alleged that it incurred costs and attorney fees totaling $4327.35—that included $200 hourly-rate fees for attorney Brian Tackett in the amount of $2234.90, as well as fees charged by former attorney Drew Swanson.

"When judgment is recovered upon a written contract containing an agreement to pay an attorney fee, the court shall allow and tax as a part of the costs a reasonable attorney fee to be determined by the court." Iowa Code § 625.22 (2019). The party seeking fees must show the services were "reasonably

necessary" and the amount of the charges were fair. *See GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning and Refrigeration, Inc.*, 691 N.W.2d 730, 733 (Iowa 2005). In awarding attorney fees, the district court must assess the whole picture and, "using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case." *Id.* (citing *Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 23 (Iowa 2001)). We encourage district courts to consider the so-called *Schaffer* factors, including the time required by the matter, the nature and extent of the service, the amount of money involved, the difficulty and importance of the issues, the responsibility assumed and results obtained, the attorney's standing and experience in the profession, and the customary charges for similar services. 628 N.W.2d at 24.

Here, the district court awarded attorney fees of $400. The court did not provide any rationale for its exercise of discretion. Growth Unlimited complains that $400 amounts to two hours of attorney time, "which was less than the trial lasted." K & B defends the reasonableness of the attorney fee award. The retailer argues the district court provided fees for those services that were "reasonably necessary" to enforce the contract.

Granted, it would have been more helpful for the district court to show its work. Nonetheless we find no abuse of discretion. The legal issues here were not complex, not much money was at stake, and the $1639 settlement was not a resounding success for Growth Unlimited. Concentrating on those factors, we decline to find an abuse of discretion in the attorney fee award.

**AFFIRMED.**