# IN THE COURT OF APPEALS OF IOWA

_____

No. 25-0843
Filed May 27, 2026

_____

**Jorie Kruger,**
Plaintiff–Appellee,

v.

**Tanya Keith and Hat Trick Renovation, LLC,**
Defendants–Appellants.

_____

Appeal from the Iowa District Court for Polk County,
The Honorable Sarah Crane, Judge.

_____

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

_____

Robb D. Goedicke of Neighborhood Law Group of Iowa, P.C., West
Des Moines, attorney for appellants.

Jordan Hutchinson of Hutchinson Law Firm, PLC, West Des Moines,
attorney for appellees.

_____

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Hat Trick Renovation, LLC appeals the district court's judgment entered against them for $28,280.37 following a bench trial where they were found liable for violating Iowa Code sections 91A.8 (2022) and 562A.12 (2023). They argue there is insufficient evidence to support the district court's findings on the section 91A.8 claim. Additionally, they argue the district court abused its discretion by awarding Jorie Kruger attorney's fees without a hearing. Upon our review, we affirm the district court's judgment against Hat Trick under section 91A.8. But we vacate the district court's award of attorney fees and remand for a hearing to determine the amount of attorney fees.

## BACKGROUND FACTS AND PROCEEDINGS

Wanting to gain experience renovating historic homes, Jorie Kruger sought out Tanya Keith to see if Keith would be interested in letting Kruger work on projects. Keith owns Hat Trick Renovation LLC, a company that specializes in renovating historic buildings. Kruger is a woodworker and primarily works in home construction but also builds custom home fixtures and furniture. Kruger began working for Hat Trick in 2022—beginning as an independent contractor but eventually becoming a full-time employee.

Hat Trick purchased a property at on 7th Street in Des Moines, Iowa in 2018. That property was known by the parties as the "Brick House." Brick House was subject to a renovation agreement with the City of Des Moines because it was previously condemned. Four years later, the parties entered into a purchase agreement for Kruger to purchase Brick House from Hat Trick contingent for $85,000, contingent upon Kruger securing financing within thirty days. Kruger was unable to secure financing, but her efforts to purchase Brick House did not cease.

While she was a W-2 employee, Kruger did not formally submit hours when working on Brick House. Instead, the parties had an understanding that hours worked would be counted towards her down payment. And as work continued on the house, the purchase price also increased to $135,000. Kruger would also fund portions of the renovation of Brick House with an understanding that she would be credited for these renovations when she purchased the house. While working on Brick House, Kruger was supervised by Doug Jotzky—Tanya Keith's husband and Hat Trick employee.

In June 2023, Kruger rented Brick House from Hat Trick. The terms of the lease agreement included monthly rent of $1,000 and a security deposit of $3,000—which Kruger paid on June 15, 2023. But in July 2023, the home was not habitable. Because she was unable to move to the home, Kruger terminated the lease. Hat Trick did not return the $3,000 security deposit, later arguing that it was a down payment on the eventual purchase of the property.

Kruger then filed suit against both Hat Trick and its owner Tanya Keith. The suit alleged claims for (1) compensation of time and other expenses that Kruger put into the renovation of Brick House and (2) return of the security deposit. The defendants asserted a counterclaim for trespass.

The matter proceeded to a bench trial in February 2025. The district court ruled against Hat Trick on both of Kruger's claims, entering judgment in the amount of $25,290.37[1] for Kruger's work on Brick House and $3,000.00 for the security deposit.[2] The district court also found the

---

[1] This number included liquidated damages, attorney fees, and the filing fee.

[2] The district court awarded $2,000 for the security deposit, and $1,000 in punitive damages.

defendants failed to prove their counterclaim. And Keith was dismissed as an individual defendant. Hat Trick appeals.

## STANDARD OF REVIEW

Because this bench trial was tried at law, our review is for correction of errors at law. *Carroll Airport Comm'n v. Danner*, 927 N.W.2d 635, 642 (Iowa 2019). "The district court's findings of fact are binding on us if they are supported by substantial evidence." *Dolly Invs., LLC v. MMG Sioux City, LLC*, 984 N.W.2d 168, 173 (Iowa 2023) (cleaned up). "[B]ecause the district court had the opportunity to assess the credibility of the witnesses, we do give deference to those findings." *State v. Bower*, 725 N.W.2d 435, 440 (Iowa 2006) (citation omitted).

"We review the district court's award of attorney fees for an abuse of discretion." *GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning and Refrigeration, Inc.*, 691 N.W.2d 730, 732 (Iowa 2005). "The district court is considered an expert in what constitutes a reasonable attorney fee, and we afford it wide discretion in making its decision." *Id.* at 733. "The discretionary decisions of the trial court are presumed to be correct until the contrary is shown by the complaining party." *Bremicker v. MCI Telecomms. Corp.*, 420 N.W.2d 427, 428 (Iowa 1988). "Reversal is warranted only when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable." *Gabelmann v. NFO, Inc.*, 606 N.W.2d 339, 342 (Iowa 2000).

## DISCUSSION

### I.    91A.8 Claim

Hat Trick first argues there is insufficient evidence that they violated Iowa Code section 91A.8. Chapter 91A imposes liability on an employer

when they fail to pay wages or expenses due to the employee. *See Condon Auto Sales & Serv., Inc. v. Crick*, 604 N.W.2d 587, 596 (Iowa 1999). An employee has no claim for nonpayment under chapter 91A unless wages or expenses are actually owed to the employee. *See Phipps v. IASD Health Servs. Corp.*, 558 N.W.2d 198, 202 (Iowa 1997) (citing Iowa Code § 91A.8). Upon our review, we find the district court properly awarded Kruger damages under section 91A.8.

There is no dispute in the record that Kruger was a W-2 employee of Hat Trick. At trial, Kruger testified that there were many hours that she was not compensated for. But she was able to verify seventy-one hours with photographs of the work completed and time stamped text messages. Her rate of pay with Hat Trick was $20 per hour by November 2022, so, we discern no legal error by the district court in awarding Kruger $1,420.00 for unpaid wages.

We also find no legal error in the district court's award of $5,208.31. The district court found Kruger entitled to reimbursement for materials from Menards, a roll-off dumpster, electrical costs to Taylor'd Electric, and payroll to other employees or independent contractors. Our review of the record demonstrates that each of these instances is verified by other record evidence such as text messages and receipts. Accordingly, we affirm the district court's judgment and damages award of $5,208.31 to Kruger.

The district court also awarded $6,628.31 in liquidated damages. According to the statute:

> "Liquidated damages" means the sum of five percent multiplied by the amount of any wages that were not paid or of any authorized expenses that were not reimbursed on a regular payday or on another day pursuant to section 91A.3 multiplied by the total number of days, excluding

> Sundays, legal holidays, and the first seven days after the regular payday on which wages were not paid or expenses were not reimbursed.

Iowa Code § 91A.2(6). The district court reasoned that Hat Trick's actions were intentional and therefore liquidated damages were warranted in this case. Because 372 days had elapsed since Kruger's demand for payment, the district court calculated damages could be awarded in the amount of $123,288.24. But the district court instead found that liquidated damages should be awarded in the amount of $6,628.31 as it was equal to the amount of unpaid wages and expenses due to Kruger. Because the amount awarded is within the statutory framework, we find no legal error in the district court's award of liquidated damages.

Similarly, we find no error by the district court in its award of $2,000 for the return of the security deposit, $1,000 in punitive damages as allowed by Iowa Code section 562A.12(7), and the $195 filing fee. Hat Trick does not identify any error in the award under section 562A.12 so we will not disturb it on appeal.

## II. Attorney Fees

Next, Hat Trick challenges the district court's award of $11,838.75 attorney fees to Kruger without holding a hearing. "When an employee prevails on a wage claim under Iowa Code chapter 91A, the district court is required to assess attorney fees and costs against the employer." *Gabelmann*, 606 N.W.2d at 342. The district court is vested with "broad discretion" in the assessment of attorney fees, and "the trial judge has presumed expertise" on that question. *Id.* at 342–43. And finally, the statute providing for attorney fees to a successful employee is remedial in nature and written with the purpose of reimbursing an employee who had to incur expenses in order to receive back wages. *Id.* at 343.

In determining whether an award of attorney fees is appropriate under section 91A.8, our supreme court has considered the following:

> the time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar services.

*Id.* (citation omitted). Hat Trick's argument is that they were entitled to a hearing before the district court could award attorney fees. Kruger responds that error is not preserved. But Hat Trick objected to the attorney fee award in its closing brief and the district court awarded attorney fees over the objection of Hat Trick without a hearing. So, we find the issue is before us and further find the district court abused its discretion in awarding attorney fees.

In *Maday v. Elview–Stewart Sys. Co.*, our supreme court determined that a hearing to determine the amount of attorney fees is required "[u]nless the parties agree to the contrary." 324 N.W.2d 467, 470 (Iowa 1982). The supreme court arrived at that decision despite its "recognition that the trial court is an expert on attorney fees and could reach a decision without having additional evidence." We are faced with the same situation here. While the district court likely had sufficient information to award attorney fees, we are required to apply supreme court precedent. And that requires us to vacate the award of attorney fees and remand for a hearing to determine the amount. *See id.*

## CONCLUSION

Because substantial evidence supports Kruger's 91A.8 claim, we affirm the district court's judgment against Hat Trick for liquidated damages

7

in the amount of $6,628.31, as well as $1,420.00 for the wage claim, $5,208.31 as to the expenses claim and $195 for the filing fee. We also affirm the district court's judgment against Hat Trick in the amount of $3,000.00 for the security deposit. But we vacate the attorney fee award because the district court awarded attorney fees without holding the required hearing, and we remand for the district court to hold a hearing and determine the appropriate amount of attorney fees.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**