# IN THE COURT OF APPEALS OF IOWA

No. 17-2074
Filed March 6, 2019

**MIDWEST AMBULANCE SERVICE OF IOWA, INC.,**
     Plaintiff-Appellee,

**vs.**

**DELAWARE TOWNSHIP, POLK COUNTY, IOWA,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Delaware Township appeals the judgment entered in favor of Midwest Ambulance Service of Iowa, Inc. on its breach-of-contract claim. **AFFIRMED AND REMANDED.**

Nicholas A. Bailey of Bailey Law Firm, P.L.L.C., Altoona, for appellant.

J. Campbell Helton of Helton Law Firm, P.L.L.C., West Des Moines, for appellee.

Heard by Doyle, P.J., and Mullins and McDonald, JJ.

**DOYLE, Presiding Judge.**

Delaware Township appeals the judgment entered in favor of Midwest Ambulance Service of Iowa, Inc. (Midwest Ambulance) after a jury awarded Midwest Ambulance $170,000 in damages on a breach-of-contract claim. Delaware Township challenges the verdict, arguing there was no valid contract and, in the alternative, Midwest Ambulance failed to exhaust remedies required by the contract before filing suit. Delaware Township also appeals the denial of its counterclaim for breach of contract and certain evidentiary rulings. Finally, it contends the court's award of attorney fees and costs to Midwest Ambulance is excessive.

**I. Background Facts and Proceedings.**

Midwest Ambulance is an Iowa corporation that provides emergency medical and ambulance transportation services. Delaware Township first contracted for Midwest Ambulance's services in June 1998, when its board of trustees signed a five-year contract on behalf of the township. The board signed a seven-year contract with Midwest Ambulance in June 2004. Then on November 1, 2010, before the 2004 contract expired, the board of trustees and Midwest Ambulance signed an eight-year contract.

In September 2015, Delaware Township sought a meeting with Midwest Ambulance to discuss concerns regarding Midwest Ambulance's service. When a meeting had yet to be scheduled by October 5, 2015, Delaware Township's attorney sent Midwest Ambulance's attorney a letter, claiming the 2010 contract was not an enforceable agreement and, "[t]o the extent any enforceable agreement

exists between the parties," Midwest Ambulance had breached the contract by providing deficient service.

The Delaware Township Board of Trustees voted at a November 16, 2015 public meeting to terminate its contract with Midwest Ambulance effective December 1. On November 30, Delaware Township told dispatchers to stop referring calls to Midwest Ambulance effective December 1.

In March 2016, Midwest Ambulance filed a petition alleging Delaware Township breached the contract and claiming $170,000 in liquidated damages. Delaware Township filed a pre-answer motion to dismiss Midwest Ambulance's claim, alleging that the contract was invalid and Midwest Ambulance failed to exhaust contractual remedies. After the district court denied the motion, Delaware Township answered and filed a counterclaim, alleging Midwest Ambulance had breached the contract and was liable for damages.

In May 2017, Delaware Township moved for summary judgment, again alleging that the contract was not valid and Midwest Ambulance failed to exhaust contractual remedies before filing suit. The district court also denied this motion.

The matter proceeded to trial in August 2017. A jury found Delaware Township breached a valid contract with Midwest Ambulance and Midwest Ambulance was entitled to recover $170,000 in damages. The jury found against Delaware Township on its breach-of-contract counterclaim.

Delaware Township moved for new trial and judgment notwithstanding the verdict. Once again, it alleged Midwest Ambulance failed to meet contractual conditions before filing suit, and it claimed there was insufficient evidence to support Midwest Ambulance's breach-of-contract claim. The district court denied

the township's post-trial motions. It granted Midwest Ambulance's request to affix costs and award attorney fees in an amount totaling $72,255.51.

Delaware Township appeals.

**II. Scope of Review.**

Our review is for correction of errors at law. *See* Iowa R. App. P. 6.907. Findings of fact are binding if supported by substantial evidence. *See* Iowa R. App. P. 6.904(3)(a).

**III. Validity of the Contract.**

Delaware Township first contends the district court erred in determining the validity of the contract. It argues the contract is void because the 2010 board of trustees exceeded its authority in signing it by: (1) contracting to pay Midwest Ambulance without first levying an annual tax to pay for the expense as required by Iowa Code section 359.43 (2009), (2) failing to provide residents notice of a meeting to deliberate or act upon a matter relating to emergency medical service as required by Iowa Code section 359.17, and (3) entering into a personal service contract that binds successive boards. Finally, it claims the contract is unconscionable because the trustees who signed it were "rather unsophisticated parties."

Midwest Ambulance claims Delaware Township failed to preserve error on its validity claims by failing to present them to the district court before raising them on appeal. The appellate court is "a court of review, not of first view." *Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 413 (Iowa 2017) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)). "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court

before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

Delaware Township raised the issue of the contract's validity when it moved for directed verdict at the close of Midwest Ambulance's case in chief. Its argument focused primarily on the trustees' failure to provide notice of the meeting as required by Iowa Code section 359.17. In its oral ruling on the motion, the court stated:

> Really, the motion, I think, is predicated on this issue about the impact of Iowa Code section 359.17, if I have that section right, and the notice provision. And on that issue, it's my finding as a matter of law that the defendant cannot use that provision at this point in time in this lawsuit as a means to claim that the contract was invalid.

The court expounded its ruling in a written decision, finding nothing in chapter 359 renders a contract void for failure to comply with notice requirements and, in any event, any power the court has to void the contract ended when the township failed to challenge the contract within six months of its signing. It concluded that Delaware Township was barred from arguing to the jury that the contract was void or invalid due to any defect in the notice provisions of Iowa Code section 359.17(2).

Nothing in Delaware Township's motion for directed verdict or the district court's ruling addresses the township's authority to enter a contract to pay for services without first levying a tax, its authority to enter into a personal service contract that binds successive boards, or whether the contract is unconscionable. Accordingly, Delaware Township has failed to preserve these claims for our review.

Assuming Delaware Township preserved error on its claim concerning the invalidity of the contract based on failure to meet statutory notice requirements, the claim is without merit. Iowa Code section 359.17(2) states a board of township trustees must "give prior notice of a meeting to discuss, deliberate, or act upon a matter . . . relating to the trustees' duty to provide . . . emergency medical service." Although there is no dispute that the board failed to give proper notice of the meeting in 2010, the statute provides no remedy for failure to comply with the notice requirement. Delaware Township argues that Iowa's open meetings law provides guidance, but the court's power to void an action is limited to cases in which "the suit for enforcement of [the] chapter is brought within six months of the violation." Iowa Code § 21.6(3)(c) (requiring the court to void any action taken in violation of the law). Here, Delaware Township is asking the court to void a contract that it entered into more than five years earlier.

Delaware Township also cites *Miller v. Marshall County*, 641 N.W.2d 742, 744 (Iowa 2002), which concerned a county's failure to adhere to statutory notice provisions before entering into a lease for real property where the lease payments were to be made payable from the general fund. The court noted:

> A fundamental requirement for the enforcement of a municipal contract is that the municipality must have exercised its authority to enter into the contract within the scope of the powers conferred by statute. If a municipality fails to appropriately exercise its authority or comply with statutory procedures, the contract is void. The municipality may then refuse to comply with the terms of the void contract.

*Id.* at 750-51 (internal citations omitted). Because the county failed to provide the statutorily required notice, the supreme court determined the board exceeded its authority in entering the contract, and the contract was therefore void and

unenforceable.  *See id.* at 751.  The district court found *Miller* was distinguishable because

> that case directly involved a county's authority to enter into a lease agreement to which the county would be directly liable for payments with public funds.  The statute required the county to provide notice prior to entering into a lease agreement over a specified threshold amount.  Because the county did not comply with the provisions of the statute regarding notice, the court found that the county did not have authority to enter into the contract.
>
> This case is much different.  The township clearly had authority to provide for emergency medical services.  *See City of Creston v. Barney*, [No. 11-1154, 2012 WL 470169, at *3 (Iowa Ct. App. Feb. 15, 2012)] (upholding the validity of a contract after finding the city had the power to enter into the contract).  The township was not liable for any expense and there was no other conditions tied to its authority to provide emergency medical services.  The township did not comply with all notice provisions in the statute, but there is no language in the statute that would tie a notice violation to the board's authority to provide such services.

We find no error in the district court's resolution of the issue.  Delaware Township had the authority to enter into the contract with Midwest Ambulance pursuant to Iowa Code section 359.42 (explicitly authorizing the trustees of each township to provide emergency medical service).  The township's failure to provide the notice as required under section 359.17 does not render the contract void.

**IV. Exhaustion of Contractual Remedies.**

Delaware Township next contends the district court erred in denying its motions for new trial and judgment notwithstanding the verdict because Midwest Ambulance failed to exhaust contractual remedies as a condition precedent to filing suit.  Specifically, it argues Midwest Ambulance failed to satisfy the requirements of paragraph 12 of the contract, which states:

> 12.    In the event of a dispute between the parties in connection with or relating to this Agreement such dispute shall be resolved as follows:

> a. The parties shall first meet and attempt in good faith to resolve the dispute within ten (10) days after written notice to each party.
>
> b. If such meeting is unsuccessful, the parties shall meet with a mediator appointed by the parties and attempt in good faith to resolve the dispute within ten (10) days after the meeting described above.
>
> c. If such mediation is unsuccessful, the parties shall refer the dispute to the local Chapter of the American Arbitration Association ("AAA"). The AAA shall solely determine the rules of arbitration subject to such referral. The arbitrator chosen to decide the disputes shall have all the power and duties prescribed by AAA. The parties shall abide by the decision made in the arbitration proceeding and agree that the decision may be filed with a court of competent jurisdiction as a basis for a judgment upon which enforcement proceedings may be initiated. The validity of any arbitration decision may be attacked only on the grounds specified by the applicable law. *No court action may be initiated until the arbitrator makes an award.*

(Emphasis added.)

Midwest Ambulance again raises a preservation-of-error challenge. Although Delaware Township raised the claim in its pre-answer motion to dismiss and its motion for summary judgment, Midwest Ambulance argues it failed to preserve error because it never raised this claim in its motion for directed verdict. Although Delaware Township raises the issue in its motion for judgment notwithstanding the verdict, the district court agreed its failure to raise the issue in its motion for directed verdict precluded Delaware Township from raising the argument in its motion for judgment notwithstanding the verdict.

"A motion for judgment notwithstanding the verdict must stand on grounds raised in the directed verdict motion. On appeal from such judgment, review by an appellate court is limited to those grounds raised in the directed verdict motion." *Royal Indem. Co. v. Factory Mut. Ins. Co.*, 786 N.W.2d 839, 845 (Iowa 2010)

(internal citation omitted). Because Delaware Township failed to raise the issue of Midwest Ambulance's failure to exhaust contractual remedies in its motion for directed verdict, the issue is not preserved for our review.

### V. Delaware Township's Counterclaim.

Delaware Township also contends the court erred in denying its breach-of-contract counterclaim, which is based on Midwest Ambulance's failure to comply with the requirements of paragraph 12 of the contract. Midwest Ambulance again asserts that Delaware Township failed to preserve error on this issue because it did not raise the issue in its motion for directed verdict or motion for judgment notwithstanding the verdict. For the reasons stated above, we find Delaware Township failed to preserve error on this claim.

### VI. Evidentiary Rulings.

Delaware Township challenges the district court's rulings on certain evidentiary issues. We review evidentiary rulings for an abuse of discretion. *See Stender v. Blessum*, 897 N.W.2d 491, 501 (Iowa 2017). An abuse of discretion occurs when the district court bases its decisions "on grounds or reasons clearly untenable or to an extent that is clearly unreasonable." *Id.* An abuse of discretion also occurs when the district court "bases its conclusions on an erroneous application of the law." *Id.*

Delaware Township first argues the court abused its discretion by refusing to admit evidence of a November 1, 2014 fatal traffic accident involving a Midwest Ambulance vehicle that was responding to a Delaware Township service call. Midwest Ambulance filed a motion in limine seeking to exclude evidence of the automobile accident, arguing the accident was not relevant to the termination of

the contract and the evidence would mislead or confuse to the jury. The district court granted this portion of the motion, finding the prejudicial effect of such evidence outweighed any probative value it had. At trial, outside the jury's presence, Delaware Township made an offer of proof regarding the traffic accident. The district court again ruled the evidence was inadmissible because its potential to prejudice the jury outweighed any probative value.

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Iowa R. Evid. 5.403. "Unfair prejudice arises when the evidence prompts the jury to make a decision on an improper basis." *Stender*, 897 N.W.2d at 516 (citation omitted).

Delaware Township argues the district court abused its discretion in excluding the evidence of the 2014 traffic accident because the evidence directly related to its breach-of-contract counterclaim. Delaware Township claims that the 2014 accident and other "similar" incidents caused dissatisfaction with Midwest Ambulance's service, which led it to attempt a meeting with Midwest Ambulance in September 2015, as required by paragraph 12 of the contract. Delaware Township claims Midwest Ambulance breached the contract by failing to meet with it to resolve the dispute within ten days as required by paragraph 12.

The evidence concerning the 2014 accident is of minimal probative value. It was not necessary for the jury to know the reason for Delaware Township's dissatisfaction with Midwest Ambulance's service in order for the jury to determine whether Midwest Ambulance breached the contract by failing to meet with Delaware within the timeframe set forth in paragraph 12. The court properly exercised its discretion in determining that danger of unfair prejudice resulting from

the evidence of a fatal accident outweighed what little probative value the evidence contributed.

Delaware Township also argues the court abused its discretion in refusing to admit evidence as to the lack of notice of a Delaware Township public meeting to discuss the 2010 contract. Midwest Ambulance argues Delaware Township failed to preserve error on this claim by making an offer of proof.

Even assuming Delaware Township preserved error on this claim, the district court did not abuse its discretion in excluding evidence on the notice issue. The district court ruled as a matter of law that the failure to comply with the statutory notice requirements did void the contract. Because the township's adherence to notice requirements was of no consequence to the outcome of the action, the evidence was not relevant. *See* Iowa R. Evid. 5.401(a) (stating that evidence is relevant if "[i]t has any tendency to make a fact more or less probable than it would be without the evidence; and . . . [t]he fact is of consequence in determining the action"). "Irrelevant evidence is not admissible." Iowa R. Evid. 5.402.

Furthermore, the district court found there was already evidence in the record to show the statutory notice requirements were not met. The court stated that

> to the extent there is a fact question in deciding that issue, there is no fact dispute that the statute was not fully complied with.
> So at this point in time I don't have any facts to show that that meeting was noticed to the county auditor, specifically as to that part of the notice provision, and I do have facts to show that it wasn't. So in my view, there's no fact dispute to say that the section was complied with as far as providing correct notice.

On that basis, the court determined that the evidence Delaware Township sought to introduce on that point would be cumulative. Therefore, even if the evidence

was relevant, the court properly exercised its discretion by excluding it. *See* Iowa R. Evid. 5.403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence.").

### VII. Trial Attorney Fees and Costs.

Finally, Delaware Township challenges the district court's award of trial attorney fees and costs to Midwest Ambulance. It does not dispute that Midwest Ambulance is entitled to an award of attorney fees and costs. Rather, it alleges the award is excessive.

We review the district court's award of attorney fees for an abuse of discretion. *GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning & Refrigeration, Inc.*, 691 N.W.2d 730, 732 (Iowa 2005). As the party seeking to recover attorney fees, Midwest Ambulance has the burden of proving the services rendered were reasonably necessary and the charges were reasonable in amount. *See Ales v. Anderson, Gabelmann, Lower & Whitlow, P.C.*, 728 N.W.2d 832, 842 (Iowa 2007). In determining whether the requested attorney fees are reasonable and necessary, the factors the court considers

> include the time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service. The district court must look at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case.

*Id.*

In granting Midwest Ambulance's request for attorney fees, the district court found:

> Nearly all factors favor the request made by Midwest's attorney. The case was not overly complicated, but Midwest faced motions to dismiss and for summary judgment. It successfully resisted both and obtained the exact judgment requested from the jury. Midwest's attorney is an excellent trial attorney with more than twenty years of experience. There is no indication that the fees were unnecessarily billed. Both attorneys were involved in the dispute prior to the onset of litigation and were well-aware of the facts and legal issues, but there was the usual discovery and more motion practice than the normal case. The case proceeded to jury trial for four days on Midwest's claim and Delaware's counterclaim. Midwest's attorney is entitled to the entire fee request.

Midwest Ambulance's motion for attorney fees and costs states that its attorney typically charges $325-350 per hour for commercial litigation but charged Midwest Ambulance a reduced rate of $275 per hour due to their long-term personal relationship. The total number of hours its attorney billed at that rate was 254.89, for a total bill of $70,094.75 in attorney fees.

Delaware Township argued the hourly rate charged by Midwest Ambulance's attorney is excessive and $200 per hour was a reasonable amount to charge for prosecution of the claim based on the complexity of the matter. It also argued that some of the billed items could have been performed at a lower rate by a non-attorney staff member. Delaware Township stated its belief that counsel overstated the amount of time he spent on the case and charges for some items are not reasonable or proper, such as charges for reviewing a court reporter certificate. It submitted that it incurred only $23,712 in attorney fees and $1807.95 in defending the action (134.9 hours billed at $180 per hour). After reviewing the itemized bill submitted by Midwest Ambulance's attorney and noting which

expenses he believed were unbillable or excessive, Delaware Township's attorney determined Midwest Ambulance's attorney could reasonably bill 159.2 hours in prosecuting the action.

The district court's award of attorney fees and costs in the amount of $72,255.51 billed by Midwest Ambulance's attorney was not clearly unreasonable or based untenable grounds.  Because the district court acted within its discretion in awarding attorney fees and costs, we affirm.

**VIII. Appellate Attorney Fees.**

Midwest Ambulance requests an award of appellate attorney fees.  Because the parties' contract provides for an award of attorney fees, Midwest Ambulance is entitled to recover the costs and fees associated with this appeal.  *See* Iowa Code § 625.22 (2016); *Bankers Tr. Co. v. Woltz*, 326 N.W.2d 274, 278 (Iowa 1982).  Our supreme court has noted a preference for allowing the district court to determine the reasonable amount of attorney fees to be awarded on appeal.  *See Woltz*, 326 N.W.2d at 278 (citing cases).  Accordingly, we remand to the district court for the limited purpose of an evidentiary hearing on and the fixing of appellate attorney fees.  *See id.*

**AFFIRMED AND REMANDED.**