# IN THE SUPREME COURT OF IOWA

No. 07–0372

Filed August 28, 2009

**JULIE M. BOYLE,**

Appellant,

vs.

**ALUM-LINE, INC.,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Howard County, John Bauercamper, Judge.

Plaintiff seeks further review of court of appeals decision affirming a district court ruling awarding her damages and attorney fees on her sexual-discrimination and retaliatory-discharge claims under the federal and state civil rights acts against her former employer. **COURT OF APPEALS DECISION VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; CASE REMANDED.**

Mark B. Anderson, Cresco, Karl G. Knudson, Decorah, and James P. Moriarty, Cedar Rapids, for appellant.

Donald Gloe of Miller, Pearson, Gloe, Burns, Beatty & Cowie, P.L.C., Decorah, for appellee.

**PER CURIAM.**

Julie Boyle seeks further review of a court of appeals decision affirming a district court ruling awarding her damages and attorney fees on her sexual-discrimination and retaliatory-discharge claims under the federal and state civil rights acts against her former employer, Alum-Line, Inc. On appeal, Boyle claimed the district court abused its discretion in its award of back and front pay. She also claimed the court abused its discretion in its award of attorney fees and in failing to allocate the award among the attorneys. The court of appeals found there was sufficient evidence in the record to support the district court's award of back and front pay. It also concluded the district court did not abuse its discretion in awarding Boyle $50,000 in attorney fees. We grant further review solely to address the attorney-fee issue.

## I. Background Facts and Proceedings.

This appeal is the culmination of litigation spanning over five years. In 2003, Boyle filed a petition against her former employer, Alum-Line, under the Iowa Civil Rights Act (ICRA) and Title VII of the Civil Rights Act of 1964, alleging sexual discrimination and retaliatory discharge. After losing at the district court level, Boyle appealed to this court. We transferred the appeal to the court of appeals. The court of appeals found the jury had received a legally incorrect instruction requiring reversal of the jury's determination Boyle had failed to establish sexual discrimination based upon a hostile work environment. The appellate court also found that Boyle had waived her ICRA retaliatory-discharge claim. Upon our further review of the court of appeals decision, we reversed and remanded to the district court for further findings of fact, conclusions of law, and judgment on the existing trial record as to Boyle's ICRA retaliatory-discharge claim. *Boyle v. Alum-Line, Inc.*, 710 N.W.2d 741, 752 (Iowa 2006). We also directed the district court to enter an

order granting judgment to Boyle on her ICRA and Title VII hostile work environment claims and to determine damages based upon the existing record. *Id.*

On remand, the district court found Boyle was subjected to sexual harassment by her coworkers and was discharged by Alum-Line in retaliation for her sexual harassment complaints. The court awarded Boyle $30,000 in back pay, $10,000 in past emotional distress, $5000 in front pay, $5000 in future emotional distress, and $50,000 in punitive damages.

Boyle then filed an application for attorney fees in which she requested $46,264.50 and $41,215.50, respectively, for her trial attorneys, Mark Anderson and James P. Moriarty, and $98,793 for her appellate counsel, Karl G. Knudsen, plus the attorneys' expenses. Boyle also requested the court to allocate the award of fees among her attorneys.

The compensation request for Anderson and Moriarty was based upon 342.7 and 286.4 hours, respectively, at $135 per hour. Compensation for Knudsen was based upon 380.7 hours at $200 per hour for his appellate work and 167.8 hours at $135 per hour for his district court work. The application was supported by affidavits and itemized fee applications from each attorney. In addition, affidavits from attorneys regarding local bar charging rates along with an affidavit from a prominent Iowa appellate attorney supporting Knudson's hourly rate and overall claim for appellate work were submitted.

After an evidentiary hearing, the district court awarded Boyle $25,000 in trial attorney fees, based upon 227.27 hours at $110 per hour and $25,000 in appellate attorney fees, based on 166.66 hours at $150 per hour. The court also awarded to the plaintiff the expenses incurred by each attorney throughout the proceedings.

Boyle appealed. She asserted the district court failed to apply the proper criteria in determining reasonable attorney fees and ordered fee reductions without making specific findings of fact explaining the fee reductions. She further claimed the court ordered fee reductions despite the fact that Alum-Line failed to raise specific objections to the fee request. Finally, Boyle contended the district court abused its discretion in failing to allocate the attorney-fees award among counsel.

We transferred the case to the court of appeals. The court of appeals rejected all of Boyle's claims. It found the district court applied the appropriate factors and made sufficiently detailed factual findings to justify its reduction of the plaintiff's attorney-fees request. The court also found that Alum-Line sufficiently rebutted the attorney-fees request. Finally, the court held the district court did not abuse its discretion in declining to allocate the attorney-fee award among each attorney. We granted further review to address the attorney-fees issue.

## II. Scope and Standards of Review.

We review the court's award of attorney fees for an abuse of discretion. *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897 (Iowa 1990). "Reversal is warranted only when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable." *Gabelmann v. NFO, Inc.*, 606 N.W.2d 339, 342 (Iowa 2000).

A successful plaintiff under the ICRA and Title VII is entitled to reasonable attorney fees. 42 U.S.C. § 2000e-5(k) (2006); Iowa Code § 216.15(8)(*a*)(8) (2003). The applicant for attorney fees bears the burden "to prove both that the services were reasonably necessary and that the charges were reasonable in amount." *Landals*, 454 N.W.2d at 897. "[T]o ensure that all necessary data is before the court, attorneys are generally required to submit detailed affidavits which itemize their fee claims." *Grunin v. Int'l*

*House of Pancakes*, 513 F.2d 114, 127 (8th Cir. 1975); *accord Dutcher v. Randall Foods*, 546 N.W.2d 889, 896 (Iowa 1996). "[T]he party opposing the fee award then has the burden to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Sherman v. Kasotakis,* 314 F. Supp. 2d 843, 882 (N.D. Iowa 2004).

### III. Reasonable Attorney Fees.

"A reasonable attorney fee is initially calculated by multiplying the number of hours reasonably expended on the winning claims times a reasonable hourly rate." *Dutcher*, 546 N.W.2d at 896. This calculation, known as the lodestar amount, "is presumed to be the reasonable attorney fee envisioned by the relevant statutes." *Id.* at 897. The reasonableness of the hours expended and the hourly rate depends, of course, upon the facts of each case. *Hensley v. Eckerhart*, 461 U.S. 424, 429–30, 103 S. Ct. 1933, 1937, 76 L. Ed. 2d 40, 48 (1983). "The district court is considered an expert in what constitutes a reasonable attorney fee . . . ." *GreatAmerica Leasing Corp. v. Cool Comfort Air Conditioning & Refrigeration, Inc.*, 691 N.W.2d 730, 733 (Iowa 2005).

Factors normally considered in determining reasonable attorney fees include:

> "[T]he time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service."

*Schaffer v. Frank Moyer Constr., Inc.,* 628 N.W.2d 11, 24 (Iowa 2001) (quoting *Landals*, 454 N.W.2d at 897). "Reductions may be made, however, for such things as partial success, duplicative hours or hours not reasonably expended." *Sherman*, 314 F. Supp. 2d at 881. "The district court must look

at the whole picture and, using independent judgment with the benefit of hindsight, decide on a total fee appropriate for handling the complete case." *Landals*, 454 N.W.2d at 897.

There is no precise rule or formula for making these determinations. However, "[d]etailed findings of fact with regard to the factors considered must accompany the attorney fee award." *Dutcher*, 546 N.W.2d at 897; *see also U.S. ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1048–49 (6th Cir. 1994) (stating "district court should make findings of fact for the appellate record that will enable us to review the reasonableness of the [attorney fee] award").

**IV. Analysis.**

Boyle's attorneys presented the court with documentation, including affidavits and itemized billing records, in support of their attorney-fee claims. In its opinion, the district court noted its familiarity with hourly fee rates for trial attorneys with comparable experience. The district court also found no evidence suggesting that any of the plaintiff's attorneys had substantial, prior experience in handling cases of this type, or possessed any recognized expertise that would support a higher fee. The award of $110 per hour for attorney services provided in trial court proceedings by all three attorneys and $150 per hour for attorney services provided in appellate court proceedings by all three attorneys was within the evidence submitted by the plaintiff's attorney and within the court's expertise. *See Dutcher*, 546 N.W.2d at 896 ("The hourly rate is based on the 'prevailing market rate in the relevant community' " for counsel of comparable experience, skill and reputation.) (quoting *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891, 900 (1984))). We conclude, therefore, that the district court did not abuse its discretion in setting a reasonable attorney-fee rate.

We are troubled, however, by the district court's determination of the reasonable number of hours expended by the plaintiff's attorneys. *See id.* ("A reasonable attorney fee is initially calculated by multiplying the number of hours reasonably expended on the winning claims times a reasonable hourly rate."). Although the court specifically found the plaintiff's attorneys worked "long hours, zealously, diligently, and effectively, thereby securing a very favorable result for their client," it nevertheless reduced the requested number of hours by approximately two-thirds.[1] The basis for this reduction is not clearly evident from the court's ruling.

In its resistance to Boyle's application for attorney fees, Alum-Line contended the affidavits "contain[ed] duplication on the part of trial counsel that was unnecessary and itemizations for matters they should not be entitled to recover fees for." The court's ruling does not specifically address these assertions or provide any rationale for the court's reduction in the hours requested by the plaintiff.

While the court may arrive at a general conclusion that the hours expended were excessive without specifying with exactness each hour that was unreasonably spent, *Lynch v. City of Des Moines*, 464 N.W.2d 236, 240 (Iowa 1990), it still must provide "[d]etailed findings of fact with regard to the factors considered [in its determination of] the attorney fee award." *Dutcher*, 546 N.W.2d at 897. In this case, the court apparently concluded that the plaintiff was entitled to $25,000 in trial court attorney fees and $25,000 in appellate attorney fees. It then divided these amounts by the applicable reasonable hourly rates for trial and appellate work to determine the

---

[1]Boyle's attorneys asserted they spent 1177.6 hours trying and appealing her case. The district court awarded attorney fees for 393.93 hours.

reasonable number of hours.[2] While the court in its expertise may have been justified in reducing the plaintiff's attorneys' hours, under the methodology used by the court, we cannot afford effective appellate review. *See Gen. Elec.,* 41 F.3d at 1048–49 ("district court should make findings of fact for the appellate record that will enable us to review the reasonableness of the [attorney-fee] award"). Therefore, we remand this case to the district court for detailed findings of fact utilizing the factors enunciated in *Dutcher* to determine the reasonableness of the hours claimed by Boyle's attorneys. We do not find, however, that it is necessary for the district court to further apportion the attorney-fee award beyond trial court proceedings and appellate court proceedings. Upon the court's determination of a reasonable fee pursuant to the *Dutcher* factors, the plaintiff is advised that division of the awarded fees amongst the attorneys should be consistent with the Iowa Rules of Professional Conduct. *See generally* Iowa R. Prof'l Conduct 32:1.5(e) (providing for division of fees between attorneys who are not in the same firm).

**COURT OF APPEALS DECISION VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERED IN PART, AND REMANDED.**

This opinion shall be published.

---

[2]We reach this conclusion based upon the fact the trial court's finding of the reasonable number of hours is determined to the hundredth of an hour, an amount not typically found in legal billing practice.