# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3082

———————

| | | |
|---|---|---|
| Pamela Newberry, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Burlington Basket Company, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: June 17, 2010
Filed: September 28, 2010

———————

Before WOLLMAN, EBEL,[1] and COLLOTON, Circuit Judges.

———————

COLLOTON, Circuit Judge.

Burlington Basket Company ("Burlington Basket") appeals a jury verdict in favor of Pamela Newberry, a former employee who alleged that Burlington Basket violated the Age Discrimination in Employment Act ("ADEA") and the Iowa Civil Rights Act ("ICRA") by terminating her employment because of her age. Burlington

---

[1]The Honorable David M. Ebel, Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

Basket challenges the final jury instructions adopted by the district court,[2] and the court's award of attorney's fees. Because we conclude that the district court correctly instructed the jury under the ICRA, and did not abuse its discretion in calculating the fee award, we affirm.

I.

Pamela Newberry was born in 1953. She began working at Burlington Basket Company, a family-owned and operated manufacturer of wicker products, in 1995. Newberry was hired to assist the company's Controller, Del Moeller, with credit and collection tasks. She was later promoted to the position of Office Coordinator, and, in 2000, to Office Manager. Newberry became the company's Shipping Coordinator in 2004.

Moeller retired from Burlington Basket in 2005. Christopher Thompson, the twenty-seven year-old son of the company's CEO, was named Controller. In early 2007, Thompson and the other members of the company's Executive Committee (his father and two uncles) met to discuss a potential reduction in the work force, apparently in response to the company's financial difficulties. Thompson advocated that Newberry's employment be terminated. On February 14, 2007, Burlington Basket fired Newberry. The company retained three other office workers who were between twenty-two and thirty years of age at the time, even though each had fewer than five years of experience at the company.

Newberry filed suit in February 2008, alleging that Burlington Basket terminated her because of her age, in violation of the ADEA and ICRA. During a four-day jury trial in June 2009, Newberry presented evidence suggesting that

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

Christopher Thompson was biased against older employees, and that he gave preferential treatment to younger workers. Burlington Basket asserted that Newberry was fired, while younger workers were retained, because Newberry was the least qualified. Newberry argued that the company's proffered reason was a pretext for age discrimination. She countered with positive evaluations in her personnel file, and testimony from her long-time supervisor regarding her qualifications. The jury found in favor of Newberry, and awarded her $25,000 in damages for emotional distress.

After the verdict, Burlington Basket moved for judgment as a matter of law and for a new trial. In the new trial motion, the company argued that in light of *Gross v. FBL Financial Servs., Inc.*, 129 S. Ct. 2343 (2009), which was decided the same day the jury reached its verdict, the court incorrectly instructed the jury to find that the plaintiff's age was "a determining factor" in the defendant's decision to terminate her employment if her age "played a part" in that decision. The district court denied the post-verdict motions. The court also awarded Newberry $140,000 in attorney's fees and $5,332.71 in costs.

## II.

We consider first Burlington Basket's objection to the final jury instruction concerning the standard of proof under the ADEA and the ICRA. In her complaint, Newberry alleged violations of both statutes. Consistent with our precedent prior to the Supreme Court's decision in *Gross*, the district court formulated a single set of jury instructions to cover both claims, and made no distinction between federal and state law. *See King v. United States*, 553 F.3d 1156, 1160 n.3 (8th Cir. 2009). Similarly, the jury verdict in favor of Newberry and the judgment entered by the district court did not differentiate between the two claims.

The district court charged the jury that Newberry had the burden to prove that her age was "a determining factor" in Burlington Basket's decision to fire her. The

court then advised that Newberry's age constituted "a determining factor" if her age "played a part" in the company's decision to terminate her employment. The court further clarified that Newberry "need not prove that [her] age was the only reason for [Burlington Basket's] decisions, only that age was a determining factor by itself or along with other reasons for its decisions." Burlington Basket contends that this instruction was erroneous in light of the Supreme Court's decision in *Gross*. It does not appear from the record that Burlington Basket objected at trial to the challenged instruction, but Newberry does not assert on appeal that the company's claim was forfeited. We will proceed as though the objection is preserved, because the preservation issue does not affect the outcome.

The challenged jury instruction was not a correct statement of the law under the ADEA after *Gross*. The ADEA makes it unlawful for an employer to take adverse action against an employee "*because of* such individual's age." 29 U.S.C. § 623(a) (emphasis added). To establish a disparate-treatment claim under the ADEA, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross*, 129 S. Ct. at 2350. By requiring only that Newberry establish that her age "played a part" in the company's decision, and that it did so "along with other reasons," the instruction failed to communicate properly the "but-for" causation standard of the ADEA.

The district court evidently drew the "played a part" language from this circuit's model jury instruction that defines a "*motivating* factor" for employment discrimination claims under Title VII. *See* Eighth Circuit Manual of Model Civil Jury Instructions - Instruction 5.96 (2008). While Congress amended Title VII in 1991 "to allow for employer liability when discrimination 'was *a motivating factor* for any employment practice,'" it "did not similarly amend the ADEA." *Gross*, 129 S. Ct. at 2350 n.3 (quoting 42 U.S.C. § 2000e-2(m)). The ADEA provides for liability only when a defendant acts "because of" a plaintiff's age, and the jury instructions thus

-4-

should not have applied what was in effect the "motivating factor" standard of Title VII.

Burlington Basket suffered no prejudice, however, because the challenged instruction was a correct statement of the law under the ICRA. The ICRA, like the ADEA, provides for liability when a defendant discharges an employee "because of" age. *See* Iowa Code § 216.6(1)(a). Nonetheless, the Supreme Court of Iowa recently concluded, in a sex-discrimination action tried as a so-called "pretext" case, that an instruction derived from Eighth Circuit Model Civil Jury Instruction 5.96 on "motivating factor" was correct. *DeBoom v. Raining Rose, Inc.*, 772 N.W.2d 1, 13 (Iowa 2009).

The instruction in *DeBoom* stated that a plaintiff satisfied her burden of persuasion by showing that a prohibited factor "played a part" in the adverse employment action, and that the factor "need not have been the only reason" for the employer's action. *Id.* The *DeBoom* instruction is thus virtually identical to that given by the district court in this case. The Supreme Court of Iowa held that the instruction correctly stated the law under the ICRA, and even recommended that the term "motivating factor" be used instead of "determining factor" in future cases. *Id.* at 13-14. The ICRA addresses discrimination based on "sex" and "age" in the same section, Iowa Code § 216.6(1)(a), and we see no reason to believe that the Iowa court would vary from *DeBoom* in an age discrimination case. Although the Iowa General Assembly has not amended the ICRA to change its long-standing "because of" standard to a "motivating factor" standard, we are of course bound to apply the Iowa court's statement of Iowa law in evaluating Newberry's state-law claim.

In *Gross v. FBL Financial Servs., Inc.*, 588 F.3d 614 (8th Cir. 2009), on remand from the Supreme Court, we concluded that *DeBoom* did not alter Iowa law governing the ICRA in a mixed-motive case, where the employer's decision is the result of multiple factors, legitimate and illegitimate. *Id*. at 618-20. Burlington Basket

expressly acknowledges, however, that this action was tried as a "pretext" case, and disavows any desire to convert it to a mixed-motive case. Appellant's Reply Br. 2-3. The issue at trial, therefore, was "whether either illegal or legal motives, but not both, were the true motives behind the decision." *Price Waterhouse v. Cooper*, 490 U.S. 228, 260 (1989) (White, J., concurring in the judgment) (internal quotation omitted). In that scenario, *DeBoom* establishes that the district court's instruction, drawn from the Eighth Circuit "motivating factor" model instruction, was correct under Iowa law.

After finding liability, the jury awarded Newberry damages of $25,000 for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. Burlington Basket does not dispute that the jury instruction on damages correctly stated Iowa law, and the Supreme Court of Iowa has interpreted the ICRA to permit the award of compensatory damages for emotional distress in an employment discrimination action "without a showing of physical injury, severe distress, or outrageous conduct." *Hy-Vee Food Stores, Inc. v. Iowa Civil Rights Comm'n*, 453 N.W.2d 512, 526 (Iowa 1990). Accordingly, the jury's award of damages is supported by the finding of liability under the ICRA, and the incorrect statement of the law under the ADEA did not prejudice Burlington Basket.

### III.

Burlington Basket also objects to the district court's award of $140,000 in attorney's fees to Newberry. The ICRA, like the ADEA, permits the district court to award "reasonable attorney fees" to a prevailing plaintiff. *See* Iowa Code § 216.15(8)(a)(8); *see also Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 832 (Iowa 2009); *DeBoom*, 772 N.W.2d at 12. Burlington Basket argues that the award here is not reasonable. The company observes that the fee award is greater than the $25,000 in damages awarded by the jury, and contends that the award is excessive in light of the results obtained in this case and awards in similar cases. The company also asserts

that the $140,000 figure is the product of duplicative billing by the two attorneys representing Newberry.

Because of the district court's "superior understanding" of the proceedings, and the prudence of "avoiding frequent appellate review" of such "factual matters," the Supreme Court has emphasized in cases arising under federal law that "the district court has discretion in determining the amount of a fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Although we consider here a fee award based on the ICRA, the standard of review is a procedural issue that is likely governed by federal law. *See Mayer v. Gary Partners & Co.*, 29 F.3d 330, 334 (7th Cir. 1994)*; Felder v. United States*, 543 F.2d 657, 664 (9th Cir. 1976). In any event, Iowa law also calls for abuse-of-discretion review of fee awards, *Boyle*, 773 N.W.2d at 832, and we will review the district court's award under that deferential standard.

We conclude that the district court's award of $140,000 in attorney's fees, while generous, was not an abuse of discretion. The district court expressly considered the factors relevant to determining a reasonable fee award under Iowa law, and made findings of fact regarding those factors. *See id.* at 832-833; *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 897-98 (Iowa 1990). The court reviewed the detailed itemizations submitted by Newberry's attorneys, and found that they had performed the services they claimed. *See Boyle*, 773 N.W.2d at 832. The court found that none of the services was "excessive or exaggerated." The court examined the hourly rates charged by Newberry's attorneys, and determined that those rates were "not unreasonable in this case," even when compared with the lower hourly rates charged by Burlington Basket's attorneys. The court then used the itemizations indicating the hours reasonably expended by Newberry's attorneys together with their hourly billing rates to calculate an appropriate "lodestar" amount. *See Boyle*, 773 N.W.2d at 832; *Dutcher v. Randall Foods*, 546 N.W.2d 889, 896-97 (Iowa 1996). The court thus used an appropriate methodology and considered the relevant factors.

The court specifically addressed the issue of duplicative fees, finding that Newberry's two attorneys performed "some work that overlapped the other" and listed "several duplicate items" in their fee statements. On that basis, the court reduced Newberry's requested fee award by $13,465 to account for the duplication it identified. While another adjudicator might reasonably have reduced the fees further, the district court's decision was within the permissible range of discretion.

The district court also recognized that the damages found by the jury were "modest" and "less than plaintiff had sought," but awarded attorney's fees in an amount greater than the damages. This was permissible under the ICRA, which does not require exact proportionality between a verdict and attorney's fees. *See Lynch v. City of Des Moines*, 464 N.W.2d 236, 238-39 (Iowa 1990). The district court based its fee award on reasonable grounds after an appropriate review of the relevant documentation from the parties. We cannot say that the court abused its discretion.

\*       \*       \*

The judgment of the district court is affirmed.

_____