## IN THE COURT OF APPEALS OF IOWA

No. 19-0210
Filed January 23, 2020

**IN THE MATTER OF THE GUARDIANSHIP AND CONSERVATORSHIP OF DIANE FLORENE NORELIUS,**

**JULIANN ELIZABETH NELSON and KRISTINE BETH NORELIUS,**
      Petitioners-Appellants.
_____

Appeal from the Iowa District Court for Crawford County, James S. Heckerman, Judge.

Appellants appeal the district court order awarding attorney fees to an intervenor. **AFFIRMED.**

Maura Sailer of Reimer, Lohman, Reitz, Sailer & Ullrich, Denison, for appellants.

Alyssa A. Herbold of Alyssa A. Herbold, P.L.C., Cherokee, attorney for ward.

A. Eric Neu of Neu, Minnich, Comito, Halbur, Neu & Badding, P.C., Carroll, guardian ad litem for ward.

Dean A. Fankhauser of Fankhauser Rachel, PLC, Sioux City, for intervenor Marcia Losh.

Rosalynd J. Koob of Heidman Law Firm, P.L.L.C., Sioux City, for intervenor Denzil Nelson.

Considered by Bower, C.J., and Tabor and Mullins, JJ. Schumacher, J., takes no part.

**MULLINS, Judge.**

This is the second appeal from a proceeding to establish an involuntary guardianship and conservatorship.[1] Here, appellants Juliann Nelson and Kristine Norelius appeal the district court order awarding attorney fees to an intervenor in the proceeding, Denzil Nelson.

Following trial in this matter, Nelson applied for attorney fees in the amount of $33,912.50 and expenses of $1899.19. Only the appellants resisted. Following an unreported hearing, the court entered an order partially granting the request and directing the previously established conservatorship to pay Nelson's attorney $25,000.00.

On appeal, the appellants argue the court abused its discretion in awarding Nelson fees because Iowa Code section 633.551(5) (2017) does not allow for an assessment of attorney fees against the ward or estate in favor of an intervenor who did not specifically request the establishment of a guardianship in the petition to intervene. They argue Nelson did not win on any claim and, thus, he is not entitled to any attorney fees under the statute. They also complain, as they did in the previous appeal, that their attorney's request for attorney fees was only partially granted and the disparate award to Nelson is untenable.[2]

---

[1] In the first appeal, the appellants herein argued the court abused its discretion in its selection of guardian and one co-conservator, declining to reopen the record, sealing its final order of appointment, granting the ward's attorney's request for attorney fees, and only partially granting the appellants' attorney's request for attorney fees; in a ruling filed contemporaneously with this opinion, we affirmed on all issues. *See generally In re Guardianship & Conservatorship of Norelius*, No. 18-1273, 2020 WL _____ (Iowa Ct. App. Jan. 23, 2020).

[2] We will not reconsider the viability of the award of fees to the appellants' attorney, which was the same amount awarded to Nelson's attorney, but we will factor it into our abuse-of-discretion analysis.

Appellate review of discretionary attorney-fee awards is for an abuse of discretion. *Ferguson v. Exide Tech., Inc.*, ___ N.W.2d ___, ___, 2019 WL 6794312, at *2 (Iowa 2019). "[T]he district court is considered an expert in what constitutes a reasonable attorney fee, and we afford it wide discretion in making its decision." *Id.* at *6 (quoting *GreatAm. Leasing Corp. v. Cool Comfort Air Conditioning & Refrigeration, Inc.*, 691 N.W.2d 730, 733 (Iowa 2005)). "An abuse of discretion occurs when the trial court exercises its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *State v. Walker*, 935 N.W.2d 874, 877 (Iowa 2019) (citation omitted). To the extent we are required to engage in statutory interpretation, our review is for legal error. *Banilla Games, Inc. v. Iowa Dep't of Inspections and Appeals*, 919 N.W.2d 6, 14 (Iowa 2018).[3]

First, the appellants argue Nelson is not entitled to an assessment of fees under section 633.551(1). They argue, because he did not offer evidence to *establish* the guardianship, he does not fall within the purview of the statute. Considering the plain language of the statute, we disagree. Iowa Code section 633.551(5) provides:

> Except as otherwise provided in sections 633.672 and 633.673, in proceedings to establish a guardianship or conservatorship, the costs, including attorney fees and expert witness fees, shall be assessed against the ward or the ward's estate unless the proceeding is dismissed either voluntarily or involuntarily, in which case fees and costs may be assessed against the petitioner for good cause shown.

---

[3] We note Nelson argues the appellants lack standing to challenge the fee assessment because it will be taxed against the ward's conservatorship, not the appellants. Because it chose to award fees, the district court chose not to address the standing argument. On appeal, we find ourselves hindered by the status of the record to determine whether the appellants have standing to challenge the assessment. Consequently, we proceed to the merits.

This was a proceeding to establish a guardianship and conservatorship and was not dismissed. Nelson was a party to the proceeding. Even if he did not present evidence in support of establishing a guardianship, he was instrumental in aiding the resistance of all parties, except the appellants, against the appellants being appointed guardians of the ward. We find no legal error in the district court's conclusion that section 633.551(5) applied to Nelson.

We turn to whether the court abused its discretion in determining the amount of the assessment. While section 633.551(5) does not include a requirement that an assessment of fees be in a reasonable amount, we have applied the absurdity doctrine to "narrow the statute to only allow for assessment of attorney fees that the district court, in its discretion, deems reasonable under the circumstances." *Norelius*, 2020 WL _____, at *__.

In its order, the court correctly characterized this litigation as "highly contested." The court noted that the applicable attorney-fee statute does not require a party to prevail in order to be entitled to fees. In support of its award of fees, the court concluded Nelson assisted in the outcome of the case, namely that he aided in the ward's resistance that the appellants be appointed co-guardians and her desire that Marcia Losh be appointed as her guardian. The court reviewed Nelson's attorney's itemization of fees and costs and determined them to be reasonable. However, the court determined that the fees awarded should not exceed those awarded to the appellants' attorney, $25,000.00.

This was highly contested litigation due, in large part, to the appellants. Here, district court viewed "the whole picture and, using independent judgment with the benefit of hindsight, decide[d] on a total fee appropriate for handling the

complete case." *Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 833 (Iowa 2009) (citation omitted). Upon our review, we are unable to say the court exercised its discretion on reasons clearly untenable or to an extent clearly unreasonable. *See Walker*, 935 N.W.2d at 877. We affirm the assessment of fees in favor of Nelson.

Both the appellants and Nelson request an award of appellate attorney fees. An award of appellate attorney fees is not a matter of right but rests within this court's discretion. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). In determining whether to award attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *Id*. In consideration of these factors, we decline to award appellate attorney fees to the appellants. We award fees to Nelson in the amount of $3500.00, payable by appellants. Costs on appeal are assessed to appellants.

**AFFIRMED.**