# IN THE COURT OF APPEALS OF IOWA

No. 20-1066
Filed January 12, 2022


**GREATAMERICA FINANCIAL SERVICES CORPORATION,**
    Plaintiff-Appellee,

**vs.**

**RIDE NOW AUTO PARTS LLC, JOSEPHINE DOLATOWSKI, AND ROBERT HASTIS,**
    Defendants-Appellants.
_____


Appeal from the Iowa District Court for Linn County, Christopher L. Bruns (summary judgment) and Mary E. Chicchelly (attorney fees and final judgment), Judges.


Defendants appeal the grant of summary judgment in favor of GreatAmerica Financial Services Corp. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**


Larry J. Thorson of Ackley, Kopecky & Kingery, L.L.P., Cedar Rapids, for appellant.

Christopher K. Loftus of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellee.


Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

The question in this appeal is whether a party that accepts the benefits of a contract and partially performs under it can escape liability by claiming the contract was procured by misrepresentations and deceit. We find that the party cannot escape liability under these circumstances, so we affirm the district court's grant of summary judgment against that party. The same cannot be said with respect to a separate party executing a personal guaranty of the underlying contract, so we reverse the grant of summary judgment against one of the purported guarantors.

In 2018, Ride Now Auto Parts LLC (Ride Now) executed a financing agreement (Agreement). Ride Now's president, Josephine Dolatowski, signed the Agreement on Ride Now's behalf. The Agreement called for Ride Now to make monthly payments to GreatAmerica Financial Services Corp. (GreatAmerica) for sixty months in order to lease several pieces of office equipment obtained from a third-party vendor. The Agreement includes a "hell or high water" clause stating:

> NET AGREEMENT. THIS AGREEMENT IS NON-CANCELABLE FOR THE ENTIRE AGREEMENT TERM. [RIDE NOW] UNDERSTAND[S] [GREATAMERICA IS] PAYING FOR THE EQUIPMENT BASED ON [RIDE NOW'S] UNCONDITIONAL ACCEPTANCE OF IT AND [RIDE NOW'S] PROMISE TO PAY [GREATAMERICA] UNDER THE TERMS OF THIS AGREEMENT, WITHOUT SET-OFFS FOR ANY REASON, EVEN IF THE EQUIPMENT DOES NOT WORK OR IS DAMAGED, EVEN IF IT IS NOT [RIDE NOW'S] FAULT.

On the same date the Agreement was signed, Dolatowski and her grandson, Robert Hastis, signed a personal guaranty (Guaranty).[1] If it is enforceable, the Guaranty makes Dolatowski and Hastis personally responsible

---

[1] Hastis was employed by Ride Now at the time.

for Ride Now's obligations to GreatAmerica under the Agreement via the following clause:

> Guarantor hereby unconditionally guarantees, as a direct and primary obligation of Guarantor, the full and timely performance of all payment and nonpayment obligations owed by [Ride Now] to [GreatAmerica] under the Agreement, under any prior existing agreements between [Ride Now] and [GreatAmerica], and under all future agreements between [Ride Now] and [GreatAmerica] . . . . Guarantor also agrees to pay all of [GreatAmerica's] out-of-pocket expenses, including attorneys' fees, incurred by [GreatAmerica] in connection with the enforcement of this Guaranty.

A little more than one year later, GreatAmerica filed a petition alleging Ride Now breached the Agreement by failing to make the required payments. The petition also sought to recover against Dolatowski and Hastis under the Guaranty. GreatAmerica moved for summary judgment, which the district court granted. The court entered judgment in GreatAmerica's favor in the amount of $32,068.42 for breach of contract and $35,166.50 for attorney fees plus costs. The judgment was entered against Ride Now, Dolatowski, and Hastis, jointly and severally. Ride Now, Dolatowski, and Hastis appeal.

## I. Scope and Standard of Review

"We review a district court's ruling on a motion for summary judgment for correction of errors at law."[2] "The legal standard for a proper ruling on summary judgment is when there is no genuine issue of material fact on the record, and 'the moving party is entitled to a judgment as a matter of law.'"[3] "Where reasonable

---

[2] *GreatAmerica Fin. Servs. Corp. v. Natalya Rodionova Med. Care, P.C.*, 956 N.W.2d 148, 153 (Iowa 2021).
[3] *Id.* (quoting Iowa R. Civ. P. 1.981(3)).

minds can differ on how an issue should be resolved, a fact question has been generated, and summary judgment should not be granted."[4]

## II.     Analysis of the Issues

The three defendants argue summary judgment was not appropriate because Dolatowski and Hastis were fraudulently induced into signing the documents by, among other actions, hiding key provisions from their view.  Hastis also argues he was a mere employee of Ride Now and his signature "was obtained by the ruse that he was just signing a 'receipt for delivery'"; thus, he received no consideration when signing the Guaranty and the Guaranty is not a valid contract as to him.

### A.     Enforcement of the Agreement

The Agreement requires the signers to provide "unconditional acceptance" of the equipment and to fulfill their obligations under the Agreement regardless of whether they are later dissatisfied with the equipment.  Such language is known as a hell-or-high-water clause, which "is a contractual provision that requires the lessee to absolutely and unconditionally fulfill its obligations under the lease in all events (i.e., come hell or high water)."[5]

A hell-or-high-water clause in a leasing contract is valid and enforceable upon acceptance of the goods.[6]  There is no factual dispute that Ride Now took possession of the equipment.  There is also no factual dispute that GreatAmerica sent monthly invoices to Ride Now and Ride Now made six payments on the

---

[4] *Id.* (quoting *C & J Vantage Leasing Co. v. Wolfe*, 795 N.W.2d 65, 73 (Iowa 2011)).
[5] *Wolfe*, 795 N.W.2d at 76–77.
[6] *See id.*

equipment covering eight months of the Agreement. Dolatowski signed all six checks, and several of the checks included notations corresponding to the invoice numbers on the invoices sent by GreatAmerica. Such activity establishes that Ride Now accepted the equipment.[7] Dolatowski's observation that she directed five of the six payments to "Commodore Financial" instead of GreatAmerica does not help Ride Now. The Agreement states that Commodore Financial is "a business unit of GreatAmerica" and a filing with the Iowa Secretary of State shows GreatAmerica adopted Commodore Financial as a fictitious name. As a result, the fact that some payments were made payable to Commodore Financial and another made to GreatAmerica is inconsequential. Because the documents contain a valid hell-or-high-water clause and Ride Now accepted the equipment, Ride Now is barred from raising most defenses to GreatAmerica's breach-of-contract claim.

Although the hell-or-high-water clause bars many defenses, it does not bar Ride Now from raising defenses related to contract formation.[8] If the contract was never formed, then the contract's clauses, including the hell-or-high-water clause, would not take effect. Ride Now asserts there was fraud in the execution of the Agreement because the contents of the Agreement were hidden from its signers. This defense is defeated by the undisputed facts that show Ride Now ratified the Agreement. "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority."[9] "A

---

[7] *See Rodionova*, 956 N.W.2d at 155–56 (finding a lessee that possessed the goods for seven months and made seven monthly payments accepted those goods).

[8] *See Wolfe*, 795 N.W.2d at 78.

[9] *Rodionova*, 956 N.W.2d at 154 (quoting Restatement (Third) of Agency § 4.01(1), at 304 (Am. L. Inst. 2006)).

'knowing acceptance of the benefit of a transaction ratifies the act of entering into the transaction.'"[10]  A lessee may ratify a contract even when signed under fraud, forgery, misunderstanding, or mistake because the lessee "should not be able to accept the benefits of a contract even if the signer's acts are unauthorized, but deny his or her obligations under the contract because the signer's acts are unauthorized."[11]  As explained above, there is no dispute that Ride Now took possession of the equipment and made monthly payments on the equipment. Such activity establishes that Ride Now knowingly accepted the benefits of the Agreement and thus ratified it despite any defects in its formation.[12]  There is no genuine issue of material fact that Ride Now ratified the Agreement.  As a result, we affirm the grant of summary judgment in favor of GreatAmerica against Ride Now.

## B.      Enforcement of the Guaranty

Both Dolatowski and Hastis challenge entry of judgment against them under the Guaranty, claiming there was fraud perpetrated in the execution of it.

### 1.      Dolatowski's Personal Liability

We start our analysis of Dolatowski's fraud-in-the-execution defense with some general contract principles.  One established principle is that a party's failure to read a contract before signing it does not invalidate the contract.[13]  However, there is a countervailing principle.  If the party is "prevented, by some artifice,

---

[10] *Id.* (quoting Restatement (Third) of Agency § 4.01(1) cmt. d).
[11] *Id.* at 154–55 (quoting *Life Invs. Ins. Co. of Am. v. Est. of Corrado*, 838 N.W.2d 640, 647 (Iowa 2013)).
[12] *See id.* at 155.
[13] *Peak v. Adams*, 799 N.W.2d 535, 543 (Iowa 2011).

deception, or fraud of the opposite party, from reading or ascertaining the contents and effect of the writing," then the rule that the party is bound by the documents even though the party did not read them would not apply.[14]

Dolatowski presented evidence that the body of the documents she signed were covered up when she signed the documents. This suggests artifice and deception that may relieve her of her obligations under the contracts. But other undisputed evidence undermines this suggestion. Dolatowski was the president and only owner of Ride Now when the three documents were signed.[15] She knew she was signing multiple documents as part of the plan to obtain the equipment for her business, suggesting more than one obligation was being undertaken. Even accepting as true Dolatowski's assertion that the bodies of the documents she signed were covered up, she admits that she knew she was signing contracts. She also admits the body of each document was on the clipboard upon which she was signing, establishing she had the opportunity to read the documents. She presented no evidence that she requested or tried to view the contracts but was prevented from doing so. These undisputed facts show that, even though artifice and deception may have been attempted, they did not prevent her from reading or ascertaining the contents of the documents. As a result, Dolatowski is bound by the terms of those documents, which included the Guaranty.[16] Pursuant to the

---

[14] *Midland Mortg. Co. v. Rice*, 198 N.W. 24, 26 (Iowa 1924).
[15] The three documents were the Agreement, the equipment list attached to the Agreement, and the Guaranty.
[16] *See Peak*, 799 N.W.2d at 543 (declaring it to be "well-settled that failure to read a contract before signing it will not invalidate the contract" (quoting *Huber v. Hovey*, 501 N.W.2d 53, 55 (Iowa 1993))).

terms of the Guaranty, the district court correctly entered summary judgment against Dolatowski for all amounts owed by Ride Now under the Agreement.

### 2. Hastis's Personal Liability

Hastis's fraud-in-the-execution defense yields a different result. Like Dolatowski, Hastis presented evidence that the body of the single document he signed (i.e., the Guaranty) was covered when he signed it. Unlike Dolatowski, who admitted she knew she was signing contracts, Hastis presented evidence that he was told the document he was asked to sign was "a receipt for delivery of the computer." In other words, Dolatowski knew she was taking on a legal obligation by signing. In contrast, Hastis has generated a genuine issue of material fact whether he knew he was taking on a legal obligation. This distinction is important. In deciding whether the signer of a purported contract has been given reasonable opportunity to know the character or essential terms of the contract, "less care will ordinarily be expected of him if he did not intend to assume a legal obligation at all than if he intended to assume a legal obligation, although one of a different nature."[17] The evidence that Hastis claims he was duped into signing something that would not create a legal obligation raises a genuine issue of material fact as to whether artifice and deception was employed with respect to Hastis's signing of the Guaranty. Furthermore, Hastis asserts he had little-to-no involvement with the underlying Agreement after it was signed and the ensuing payments, which precludes us from finding he ratified the Guaranty as a matter of law.[18] As there

---

[17] Restatement (Second) of Contracts § 163 cmt. b (October 2021 update).

[18] *See Frontier Leasing Corp. v. Barisal, Inc.*, No. 03-1256, 2004 WL 1396261, at *1 (Iowa Ct. App. June 23, 2004) (discussing the evidence required to prove a party ratified a personal guaranty).

is a factual dispute whether Hastis was the victim of fraud in the execution of the Guaranty, summary judgment should not have been entered against him. We set aside such judgment against Hastis and remand for additional proceedings. Because of this outcome, we do not address Hastis's claims that the Guaranty lacked consideration. That issue can be addressed via the additional proceedings following remand if necessary.

### C.     Attorney Fees

This appeal challenges the district court's award of attorney fees to GreatAmerica. Attorney fees are generally not recoverable unless provided for by statute or contract.[19]    Here, both the Agreement and the Guaranty allow GreatAmerica to recover attorney fees. Because we have reversed the judgment against Hastis, only Ride Now and Dolatowski potentially remain liable for an attorney fee judgment at this time.

"We review the court's award of attorney fees for an abuse of discretion. Reversal is warranted only when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable."[20]   Ride Now and Dolatowski argue that the amount of attorney fees, which exceed the amount of damages on the contract claim, are excessive for an ordinary breach-of-financing-contract claim that "did not present any special challenges." However, the district court noted that, in addition to the breach-of-contract claim, GreatAmerica was required to address the pro se filings and a fraud counterclaim, which Dolatowski pursued

---

[19] *Thornton v. Am. Interstate Ins. Co.*, 897 N.W.2d 445, 474 (Iowa 2017).
[20] *NCJC, Inc. v. WMG, L.C.*, 960 N.W.2d 58, 61 (Iowa 2021) (quoting *Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 832 (Iowa 2009)).

through summary judgment.[21] The amount of attorney fees awarded corresponds to the detailed time and expense schedule GreatAmerica provided with its request for attorney fees. We find no abuse of discretion in the court's attorney-fee award.

## III. Conclusion

The undisputed facts in the record show that Ride Now took possession of the office equipment and made monthly payments consistent with the terms of the Agreement. As a result, Ride Now ratified the Agreement and is liable for its breach. We affirm the grant of summary judgment in favor of GreatAmerica against Ride Now.

The undisputed facts show that Dolatowski knew she was signing contracts and had them available to read before doing so. She is bound by the terms of the Guaranty, which makes her liable for the amounts owed by Ride Now. We affirm the grant of summary judgment in favor of GreatAmerica against Dolatowski.

Genuine issues of material fact remain as to whether fraud was perpetrated upon Hastis in the execution of the Guaranty. As a result, we vacate the entry of judgment against Hastis, including the judgment for attorney fees, and remand for additional proceedings.

We find no abuse of discretion in the amount of attorney fees awarded against Ride Now and Dolatowski. Costs on appeal are assessed two-thirds to Ride Now and Dolatowski, jointly and severally, and one-third to GreatAmerica.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[21] *See Lynch v. City of Des Moines*, 464 N.W.2d 236, 239 (Iowa 1990) (stating courts "cannot place undue emphasis on the size of the judgment, but must look at the whole picture" when awarding attorney fees).