# IN THE COURT OF APPEALS OF IOWA

No. 22-0925
Filed August 30, 2023

**RYAN COMPANIES US, INC.,**
    Plaintiff-Appellee,

**vs.**

**FDP WTC, LLC,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

    A defendant challenges the district court's award of attorney fees and costs on remand. **AFFIRMED.**

    Philip S. Bubb, Brandon R. Underwood, and Sarah B. Golwitzer of Fredrickson & Byron, P.A., Des Moines, for appellant.

    Bradley D. Fisher and Brian D. Steffes of Fisher Bren & Sheridan, LLP, Minneapolis, Minnesota, and Stephen D. Marso and Anna E. Mallen of Whitfield & Eddy, P.L.C., Des Moines, for appellee.

    Considered by Bower, C.J., and Badding and Buller, JJ.

**BADDING, Judge.**

In its third go-around on appeal, FDP WTC, LLC challenges the district court's award of attorney fees and costs on remand. We find no abuse of discretion and affirm.

I. **Background Facts and Proceedings**

Beginning in 2016, FDP entered into a series of three contracts with Ryan Companies US, Inc., a general contractor, to renovate a factory building into a hotel. The parties called the first contract the "Courtyard Contract"; the second was the "Sitework Contract"; and the third was the "John Deere Contract."

Two years later, Ryan petitioned to foreclose its mechanic's liens against FDP for the project and claimed FDP breached the Courtyard and Sitework contracts. An amended petition broadened Ryan's claims to include the John Deere Contract, as well as claims based on implied-in-fact and implied-in-law contracts. FDP counterclaimed for breach of all three contracts. Ryan successfully moved for partial summary judgment on the John Deere Contract and was awarded $340,238.16. We affirmed that award on appeal. *See Ryan Co. US, Inc. v. FDP WTC, LLC*, No. 19-1698, 2021 WL 211156, at *2 (Iowa Ct. App. Jan. 21, 2021).

Following a bench trial on the other two contracts, the district court entered judgment in September 2020 for Ryan on its breach-of-contract and mechanic's lien foreclosure claims, denied its implied-in-fact and implied-in-law contract claims, and dismissed FDP's counterclaims. The court awarded Ryan $452,817.00 in damages for the Courtyard Contract and $224,086.00 for the

Sitework Contract, for a total of $676,903.00, plus interest, costs, and $116,876.43 in attorney fees.

On FDP's appeal from this ruling, we reversed the district court's decision to award Ryan damages for work it performed without valid change orders that was above the two contracts' guaranteed maximum prices. *See Ryan Co. US, Inc. v. FDP WTC, LLC*, No. 20-1366, 2022 WL 469336, at *4 (Iowa Ct. App. Jan. 12, 2022). This reduced Ryan's total judgment on the Courtyard and Sitework contracts from $676,903.00 to $427,319.00—a difference of $249,584.00. We otherwise affirmed the court's judgment for Ryan, including its dismissal of FDP's counterclaims. *Id.* at *4–5.

Because Ryan prevailed on the breach-of-contract and mechanic's lien foreclosure claims, we found the company was "entitled to recover attorney fees by statute and contract." *Id.* at *5 (discussing the contracts' provision requiring FDP to pay Ryan "all costs reasonably incurred by [Ryan] in the collection of amounts payable to Contractor hereunder, including reasonable attorney's fees"); *see also* Iowa Code § 572.32(1) (2018) (allowing "a prevailing plaintiff" to recover "reasonable attorney fees"). But our court recognized

> that the district court's award of attorney fees was based on its ruling that Ryan succeeded on all of its claims. As this opinion modifies the district court's ruling to vacate part of Ryan's judgment, we believe reconsideration of the attorney fee award is appropriate to take into account Ryan's only partial success. As a result, we vacate the attorney fee award and remand to the district court to determine an appropriate attorney fee award in light of the partial success and partial lack of success by Ryan in this suit.

*Ryan*, 2022 WL 469336, at *5. We did not include the court's award of costs in the scope of our remand, and we assessed costs on appeal "two-thirds against Ryan and one-third against FDP." *Id.*

Back before the district court on remand, Ryan requested an additional $78,106.00 in attorney fees and $872.15 in costs that it incurred after the court's judgment entry in September 2020, plus the full amount of attorney fees that it had originally been awarded—$116,876.43. Ryan referred to the initial award of attorney fees as "prejudgment fees," the fees incurred after the judgment as "post-judgment fees," and the costs incurred after the judgment as "post-judgment costs."

In a thorough ruling, the court found that the

> case involved three separate, complicated construction contracts. Ryan's petition, as amended, set out 13 separate counts addressing numerous construction issues and bringing claims against FDP on the three contracts for damages totaling $1,017,141.16: Courtyard—$452,817; Sitework—$224,086; and John Deere—$340,238.16. FDP's answer and counterclaims, as amended, alleged numerous affirmative defenses together with a counterclaim alleging three separate counts of breach of contract—one count for each of the aforementioned contracts also involving numerous issues—for damages totaling $1,387,476. Ultimately, the combined claims/counterclaims of both parties concerning all three contracts involved alleged damages totaling $2,404,617.16.

Examining the case "as a whole in light of Ryan's success and/or failure," rather than "sift[ing] out specific minutes and hours billed as they relate[d]" to that success or failure, the court found the "combined value of the claims and counterclaims Ryan prevailed on or successfully defended" against totaled $2,155,033.16—an approximate ninety-percent success rate. The court accordingly found "a reduction of 10% should be made to both the pre-judgment

5

fees and post-judgment fees requested by Ryan to reflect its partial success." That resulted in an award of $105,188.79 in prejudgment attorney fees and $69,911.00 in post-judgment attorney fees. The court made the same ten-percent reduction to the requested amount of post-judgment costs, for an award of $785.31, although it did not disturb the prejudgment costs, which it found were left "unchanged by the appellate decision" and "final as the law of the case for the purposes of remand."

FDP appeals, claiming the district court abused its discretion in reducing Ryan's award of prejudgment attorney fees, post-judgment attorney fees, and costs by only ten percent.

## II. Standard of Review

"We review the district court's award of attorney fees for an abuse of discretion." *GreatAm. Leasing Corp. v. Cool Comfort Air Conditioning & Refrigeration, Inc.*, 691 N.W.2d 730, 732 (Iowa 2005); *accord Baumhoefener Nursery, Inc. v. A & D P'ship, II*, 618 N.W.2d 363, 368 (Iowa 2000) (reviewing an award of attorney fees in a mechanic's lien case for abuse of discretion). "Reversal is warranted only when the court rests its discretionary ruling on grounds that are clearly unreasonable or untenable." *GreatAm. Leasing Corp.*, 691 N.W.2d at 732 (citation omitted).

## III. Analysis

### A. Attorney fees

In a sliding-scale attack on the district court's attorney fee awards, FDP argues that (1) Ryan should not have been awarded any attorney fees, pre- or post-judgment, because FDP is "equitably entitled to" a $249,584.00 credit against those fees—the amount Ryan's damages were reduced in the second

appeal; (2) Ryan should have only been awarded one-third of its requested post-judgment attorney fees because, "[b]ased upon the division of appellate court costs, Ryan [was] only . . . one-third successful on appeal"; (3) Ryan's prejudgment attorney fees should have been reduced by thirty-seven percent, which is the percentage its damages were reduced on appeal; and (4) the total fee award should have been reduced in an unspecified amount because of "duplicative invoices, duplicative hours, and inappropriate time entries."

FDP's first three arguments are a challenge to the method the district court used to determine Ryan's attorney fees on remand and seek to tie those fees, in some manner, to the damages or costs Ryan was awarded in the second appeal. But, as our supreme court has repeatedly recognized,

> [t]here is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.

*Vaughan v. Must, Inc.*, 542 N.W.2d 533, 541 (Iowa 1996); *accord Lee v. State*, 874 N.W.2d 631, 649 (Iowa 2016) ("[T]here is no precise methodology the district court must employ to calculate an appropriate award of attorney fees.").

"The proportionality of the award to the amount of attorney fees is one factor to consider, but it cannot be the sole factor in determining the amount of attorney fees." *Standard Water Control Sys., Inc. v. Jones*, No. 17-0854, 2018 WL 739330, at *2 (Iowa Ct. App. Feb. 7, 2018); *accord Lynch v. City of Des Moines*, 464 N.W.2d 236, 239 (Iowa 1990) ("[P]roportioning the fees on the basis of the size of the award ignores all of the other factors," like the "difficulty of the issues, experience of the lawyer, and customary charges."). Those other factors include:

> [T]he time necessarily spent, the nature and extent of the service, the amount involved, the difficulty of handling and importance of the issues, the responsibility assumed and results obtained, the standing and experience of the attorney in the profession, and the customary charges for similar service.

*Schaffer v. Frank Moyer Constr., Inc.*, 628 N.W.2d 11, 24 (Iowa 2001) (citation omitted). Although reductions may be made for partial success, *see Boyle v. Alum-Line, Inc.*, 773 N.W.2d 829, 832 (Iowa 2009), "the court ultimately must consider the reasonableness of the hours expended on the litigation as a whole in light of the degree of success actually obtained." *Lee*, 874 N.W.2d at 649.

The district court addressed the *Schaffer* factors at length:

> This case has now spanned approximately four years with extensive written discovery, depositions, as well as the exchange and review of over 15,000 pages in documents. Ryan's attorneys also prepared and argued a motion for summary judgment which resolved one contract claim. Ryan's counsel then prepared for and attended the four-day non-jury trial on the remaining two claims. Further, the case involved post-trial motions and two separate appeals before reaching its current procedural status. . . .
> The Court finds a very high degree of diligence and preparation was required of Ryan's counsel to manage the complexity of the many moving parts of not only Ryan's claims, but also FDP's counterclaims. . . .

Despite FDP's attempts to confine Ryan's success to the result of the second appeal, the court properly considered the whole picture before concluding:

> Although there is an argument that Ryan was only successful on two-thirds of its claims, the Court finds this would fail to account for the successful work performed by Ryan's attorneys on the case as a whole. The Court finds upon review of the whole case, an award of attorney fees should be made in light of Ryan's success rate on the claims it brought, as well as its success rate in defending against FDP's counterclaims. To do otherwise would result in a misleading and patently unfair view of the work required of Ryan's attorneys to obtain the overall result in this matter. Therefore, in view of the record as a whole and overall result Ryan's counsel achieved, the Court finds the percentage rate that best reflects Ryan's overall success in this case is 90%.

*See Lee v. State*, 906 N.W.2d 186, 199 (Iowa 2018) ("The district court did not abuse its discretion by adopting the percentage method as opposed to another method."). We find no abuse of discretion in this determination. *See Vaughan*, 542 N.W.2d at 541–42 (affirming district court's decision to award seventy-five percent of the attorney fees requested after the court "examined the case as a whole and the success (and failures) of the plaintiff").

As for FDP's fourth argument about "duplicative or inappropriate billing entries," which was based in part on Ryan's use of in-state and out-of-state counsel, we also find no abuse of discretion in the court's conclusion that

> Ryan was justified in hiring local counsel to ensure compliance with Iowa law and that both parties utilized multiple attorneys, both during pretrial litigation and at trial. Ryan's attorneys were experienced trial attorneys with specific knowledge and experience in the area of construction litigation, and the Court finds the hourly rates reflected in the itemizations and invoices are commensurate with the professional standing and experience of Ryan's attorneys and the work performed.

*See GreatAm. Leasing Corp.*, 691 N.W.2d at 733 ("The district court is considered an expert in what constitutes a reasonable attorney fee, and we afford it wide discretion in making its decision."). To the extent that FDP claims the court "abused its discretion when it did not specifically address the duplicative invoices" FDP highlighted, it was FDP's duty to call that oversight to the court's attention to preserve error for appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal."). Because FDP did not do so, we conclude error was not preserved on that issue. *See id.*

**B.** **Costs**

This leaves us with FDP's ill-defined challenge to the pre- and post-judgment costs awarded to Ryan. The sum total of FDP's argument is: "For the same reasons stated above concerning the reduction of the award of attorney fees to Ryan, FDP is entitled to further reduction of the pre- and post-judgment costs awarded to Ryan." Because we rejected FDP's attorney fee claims, its piggy-backed challenge to the court's assessment of costs fails as well.

**AFFIRMED.**